## STOWE v. TAFT.

If personal property in the possession of a third person is sold in his presence, it is a sufficient explanation of the want of a change of possession to protect it from the creditors of the vendor, unless there is fraud in fact.

TROVER, for a soda fountain. The plaintiff's evidence tended to prove that the fountain was owned by Wallace Bently; that Jan. 26, 1876, it was in the possession of A. W. Stowe, and Bently sold it to the plaintiff; that A. W. Stowe was present at the sale, and Bently told him to deliver the fountain to the plaintiff when he might call for it; that it remained in A. W. Stowe's possession till Feb. 19, 1876, when the defendant, an officer, attached it as the property of Bently, on several suits, in favor of his creditors.

The court ordered a verdict for the defendant. Motion for a new trial.

*Wadleigh & Wallace*, for the plaintiff.

*Preston* and *G. Y. Sawyer*, for the defendant.

BINGHAM, J. If personal property, when sold, is in the possession of a third person, and he is fully informed of the sale, by the parties, it is a sufficient explanation of the want of a change of possession, so that the sale is not fraudulent in law as to the creditors of the

vendor. To avoid the sale in such a case, fraud, in fact, must be proved. *Kendall* v. *Fitts*, 22 N. H. 1; *Morse* v. *Powers*, 17 N. H. 286, 294; *Pierce* v. *Chipman*, 8 Vt. 334; *Merritt* v. *Miller*, 13 Vt. 416, 419; *Linton* v. *Butz*, 7 Pa. St. 89; *Nichols* v. *Patten*, 18 Me. 231.

*New trial granted.*

ALLEN, J., did not sit.