EDWARD K. JOHNSON *vs.* BENJAMIN F. COBLEIGH.

Suffolk. March 5, 1890. — June 21, 1890.

Present: FIELD, DEVENS, .W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Execution Sale — Equity of Redemption — Foreclosure Sale — Mortgagor's Right to Surplus Proceeds — Money had and received.*

A mortgagee of land purchased the mortgagor's equity of redemption therein at its sale on execution to satisfy another debt due him from the mortgagor, and subsequently bought the land at a sale under a power contained in the mortgage, the proceeds of both sales being in excess of the mortgagor's entire indebtedness to him. *Held*, that the mortgagor could maintain an action for money had and received, brought within a year of the sale on execution, to recover the surplus proceeds in the mortgagee's hands.

CONTRACT, on an account annexed, to recover the surplus proceeds of a sale of real estate made under a power in a mortgage. Writ dated April 24, 1888. At the trial in the Superior Court, without a jury, before *Aldrich*, J., the following facts appeared in evidence.

The plaintiff gave a mortgage on the real estate in question to the defendant, containing a power of sale in the usual form, on April 26, 1886, to secure a note for the sum of $800. The plaintiff was otherwise indebted to the defendant; and the latter, in December, 1887, duly attached the plaintiff's equity of redemption in the real estate, in an action brought by him to recover such debt, and recovered judgment therefor. On January 21, 1888, this equity of redemption was duly sold on execution, and was purchased by the defendant for the sum of $357, and was conveyed to him, and the proceeds of the sale were applied to the payment of his judgment, and the execution was returned to court as satisfied in full. On February 17, 1888,

the defendant duly foreclosed the mortgage for breach of condition, and purchased the real estate at the sale for the sum of $1,340, and applied to the payment of the mortgage a sum sufficient to satisfy the same with accrued interest and costs, and retained the balance as the assignee or purchaser of the mortgagor's rights and interests at the sale on execution.   Both sales were properly and legally conducted, and made in good faith.   No tender or offer of payment was ever made to the defendant of the amount paid by him as purchaser of the debtor's interest at the execution sale, and no demand was ever made on him for payment of the sum for which the action was brought, except by bringing this action.   The plaintiff conceded that the defendant had a right to retain sufficient to satisfy the mortgage debt and the amount paid by him for the equity of redemption, with interest, but claimed the right to recover the difference between the amount of those sums and the price received at the foreclosure sale.

The defendant requested a ruling that the action could not be maintained on the above facts; but the judge declined so to rule, and ordered judgment for the amount claimed by the plaintiff; and the defendant alleged exceptions.

*F. Hutchinson,* for the defendant.

*W. C. Cogswell,* for the plaintiff.

FIELD, J.   The sale and conveyance of the land under the power of sale contained in the mortgage cut off all the rights in the land which were subject to the mortgage; but these rights attached in equity to the surplus of the proceeds of the sale, after paying the mortgage debt and the expenses of the sale, in the same order of precedence as they had attached to the land itself.   At the time of this sale the equity of redemption in the land subject to the mortgage belonged to the defendant, but the plaintiff, within one year after this equity of redemption had been sold on execution to the defendant, could have redeemed it by paying or tendering to the defendant the sum for which it had been sold, together with all sums paid for taxes and such sums as had been reasonably incurred in repairs and improvements, with interest, deducting the rents and profits with which the defendant was justly chargeable.   Pub. Sts. c. 172, § 32.

The Pub. Sts. c. 172, § 33, provide the means for enabling the

debtor to determine the amount to be tendered ; and it is enacted in § 39, that, if the purchaser does not within seven days after the tender release the premises, the debtor may recover them by writ of entry, with costs of suit; but before judgment is entered he must bring into court for the use of the purchaser the sum so tendered. By §§ 40–42 of the same chapter the debtor may within the year, whether he has made a previous tender or not, bring a suit in equity for redemption, and may offer in his bill to pay such sum as shall be found due for redemption, which, when determined, he is required to bring into court for the use of the purchaser; and the purchaser cannot be required to pay costs unless he has unreasonably neglected to render a just and true account, or unless he has refused to receive a sufficient tender, and within seven days thereafter to execute a release.

When the land was sold under the power contained in the mortgage, the value of the right to redeem the land from the mortgage was represented by the surplus of the proceeds of the sale over the sum necessary to satisfy the mortgage. The rights of the parties to this surplus are to be worked out in equity after the analogy of their rights under the statutes. If this surplus is more than the amount which the plaintiff would have been compelled to pay or tender, in order to redeem the equity of redemption from the sale made of it on execution, the plaintiff should be entitled to recover the excess, if he bring his suit within one year after the sale. *Buttrick* v. *Wentworth,* 6 Allen, 79. *Andrews* v. *Fiske,* 101 Mass. 422. *Western Union Telegraph Co.* v. *Caldwell,* 141 Mass. 489. *Washburn* v. *Tisdale,* 143 Mass. 376. After the mortgage was foreclosed, as the plaintiff was both to pay money to and receive money from the defendant, his right to recover would be limited to the remainder due from the defendant after the amount due from him to the defendant had been deducted. An account could be taken, and these two sums would be merely the opposite sides of the account.

In the present case the account to be taken concerns only the two persons who are the plaintiff and the defendant, and therefore an action at law for money received by the defendant to the plaintiff's use is, under our practice, an appropriate proceeding for recovering the amount due. Although the exceptions recite that " no tender or offer of payment was ever made to the de-

fendant of the amount paid by him as purchaser of the debtor's interest at the execution sale, and no demand was ever made on him for payment of the sum for which the action was brought except by bringing this action," yet the question of the necessity either of a previous tender, or of a previous demand, has not been argued by the counsel of either party, and we consider this objection as waived. Apparently, both counsel desired the opinion of the court upon the principal question in the case.

*Exceptions overruled.*