## THOMPSON MANUFACTURING CO. v. SMITH.

A portable engine is not a building, and even if it is placed in a building is not necessarily a part of it or an appurtenance to it, within the meaning of a statute giving a lien " for erecting, altering, or repairing a house or other building or appurtenances." (G. L., c. 139, s. 11.)

A sale cannot be declared as matter of law not to have been accompanied by a sufficient change of possession, if the vendee has, after the sale, examined the property and taken away small parts that were likely to be lost or stolen.

ASSUMPSIT, for repairing a portable steam engine, which was attached in this suit, September 30, 1890, for the purpose of enforcing a lien for the repairs. The lien is contested by Fellows, who bought the engine after the repairs were made, and is

admitted to contest it in this action by consent of the parties. Facts agreed.

Before 1890 the defendant put the engine into his saw-mill, situated on leased land at a place called Frankenstein, in Hart's Location, and used it in the manufacture of lumber. In January, 1890, the saw-mill was burned. May 3, 1890, while the engine was standing on its original foundation, the plaintiffs took from it the parts to be repaired, brought them to their shop in Lancaster, where the repairs were made, and some time in June carried them back to Frankenstein station near the place where the mill was burned. Meanwhile the boiler and other parts of the engine not taken to Lancaster were moved to a place nearer the station, but were still on the leased land. At the plaintiffs' request they were then moved to a point still nearer the station on land belonging to the railroad, where, July 8, 1890, the plaintiffs put the engine together, restoring the parts which had been repaired, and completed the repairs. July 16 the defendant sold the engine to Fellows. July 17 they examined the engine, and Fellows took away several small parts thereof, such as gauge-cocks, etc., which were likely to be lost or stolen, for the sole purpose of preserving them.

*Ossian Ray* and *Ladd & Fletcher*, for the plaintiffs.

*Fred B. Osgood*, for the defendant.

CARPENTER, J. "Any person who by himself or others shall perform labor or furnish materials, to the amount of fifteen dollars or more, for erecting, altering, or repairing a house or other building or appurtenances, by virtue of a contract with the owner thereof, shall have a lien thereon, and on any right of the owner to the lot of land on which said house, building, or appurtenances stand." G. L., c. 139, s. 11. The burden rests upon the plaintiffs to prove the lien which they assert. The engine was not a building within the meaning of the statute, and it does not appear to have been a part or an appurtenance of a building when the repairs were made. It was portable. It might be placed in a building, and yet be neither a part nor an appurtenance of the building. It does not appear even that the "sawmill" in which the engine was at one time situated was a building. It might have been nothing but a saw operated by the engine in the open air, or under a temporary cover. *State* v. *Livermore*, 44 N. H. 386.

Upon the facts stated, it cannot be declared as matter of law that the sale to Fellows was not accompanied by a sufficient change of possession. *Lewis* v. *Whittemore*, 5 N. H. 364; *Morse* v. *Powers*, 17 N. H. 286; *Stone* v. *Taft*, 58 N. H. 445.

*Judgment for Fellows.*

All concurred.