THE DUGAN CUT STONE COMPANY, *Appellant*, v. GRAY *et al.*

### Division One, March 13, 1893.

1. **Mechanic's Lien**: SIDEWALK AND AREA PARTLY ON LOT. The statute gives a lien upon a lot and buildings thereon for stone used in the construction of sidewalks and areas, a part of which are on the lot and a part on the street, and all of which were built under one contract

2. ————: STATUTE: CONSTRUCTION. Statutes giving liens for materials used for making improvements upon land which extend to the improvements themselves and the land upon which they are made, are remedial in their nature and should be given a liberal construction so as to carry out their just and beneficent objects.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Lathrop, Smith & Morrow* for appellant.

(1) The mechanic's lien law is to be liberally construed. *De Witt v. Smith*, 63 Mo. 263; *Gibson v. Nagel*, 5 Mo. App. 597. (2) Stone flagging used as the covering or roof of an area way, which is constructed at the same time as the building and used in connection with it, is properly subject to a lien, although it be outside of the lines of the lot and although it be used as a sidewalk. *Pullis v. Hoffman*, 28 Mo. App. 666; *Henry v. Plitt*, 84 Mo. 241; *Beatly v. Parker*, 141 Mass. 523; *Kenny v. Apgar*, 93 N. Y. 539. (3) The reason of the rule that public property cannot be subjected to mechanic's lien does not apply to the case of an area way under the surface of the street. *Abercombie v. Ely*, 60 Mo.

VOL. 114—32

23; *McPheeters v. Bridge Co.*, 28 Mo. 465; *Dunn v. Railroad*, 24 Mo. 493. (4) The owner's title extends to the middle of the street. *Bridge Co. v. Schawbacker*, 57 Mo. 582; *Kellog v. Molin*, 50 Mo. 496. (5) Where lienable items are mingled with non-lienable items without any fraudulent intent and in such a way that they can be separated by evidence, the lien will not be lost as to the lienable items. *Allen v. Mining Co.*, 73 Mo. 688.

*Brown, Chapman & Brown* for respondent Daniels.

Plaintiff is not entitled to recover: (1) Because it had no lien for an improvement in a street. The case in the 28 Mo. App. 666 does not go to this question. The case of *Henry v. Plitt*, 84 Mo. 241 is not in point. (2) Plaintiff is not entitled to recover in this case because it has failed to file a true and just account within the meaning of the statute. It cannot be ascertained from a mere inspection of this account for which items plaintiff has a lien. (3) Plaintiff is not entitled to enforce its lien for that portion of the improvement laid upon the lot for the reason that there can be no separation of the items of the account. There is such a commingling of the items for the walk laid upon the lot and that laid upon the street that for this reason the lien is lost upon the whole. The authorities cited bear out this proposition. (4) The mechanic's lien laws were never intended to give a lien for an improvement made upon a street. The lien for such improvement is given by the charter of the city in the form of special tax bills.

MACFARLANE, J.—This is a suit to enforce a mechanics' lien against a lot, and building thereon for stone furnished for and used in the construction of a sidewalk, laid partly upon the street adjoining the

building and partly upon the lot. The circuit court denied the right to a lien and gave judgment for defendant and plaintiff appealed to the Kansas City court of appeals, from which the case was transferred to this court. The requirements of the statutes necessary for securing the lien were all complied with and the sole question is, whether plaintiff is entitled to a lien upon the lot under the circumstances.

The St. Louis court of appeals has held that a material man is entitled to a lien upon the adjoining lot for illuminating tiling placed over areas, under a sidewalk, for the purpose of lighting such areas, though such tiling extended into the street. *Pullis v. Hoffman*, 28 Mo. App. 666.

In the recent case of *McDermott v. Claas*, 104 Mo. 14, this court, approving the decision of *Pullis v. Hoffman*, held that the materials for a brick sidewalk, laid on the street adjacent to and along the building, and purchased under an entire contract for the construction of both the building and sidewalk, was lienable.

It was held by the supreme judicial court of Massachusetts that a drain pipe, extending from the cellar of a house in a city through the cellar wall, yard and street into a sewer, and included in the contract for building the house, which is fitted for the use of the city water, is a part of the house for the laying of which a lien, under the statutes, may be enforced; and it was immaterial that the fee of the street is not in the owner of the house. *Beatty v. Parker*, 141 Mass. 523. The decision was put, not so much upon the fact that laying the pipe was included in the contract to build the house, as that "the house would be incomplete and unfinished without the pipe and it would pass by a deed of the house as a part of it."

It has also been held by this court that where "walks and fences are constructed under one entire contract, the mechanic has a lien for the labor and materials expended on them." *Henry v. Plitt*, 84 Mo. 237.

Following out these decisions, the conclusion is necessarily reached that this plaintiff was entitled to a lien upon the lot for the stone used in the construction of these sidewalks and areas, a part of which was on the lot and a part on the street, and all of which were built under one contract.

The statute gives a lien for materials used for making any improvements upon land, which lien extends to such improvement and the lot or land upon which the same is made. These statutes are remedial in their nature and should be given a liberal construction so as to carry out their just and beneficent objects. *DeWitt v. Smith*, 63 Mo. 266.

A sidewalk upon a street adjoining a lot and building, in a town or city, is essential to the convenient and comfortable use of the premises. While the walk is on the public street and is open to the general use of the public, it is appurtenant to the lot, and the owner has in it a special interest which the public does not enjoy. Under a New York statute giving a lien upon the lot, building and appurtenances, it was held that the word "appurtenances" covered the making of a sidewalk in front of the premises. It was said by ANDREWS, J., "the owner of a lot abutting on an avenue or street has an interest therein in common with the public at large, but also a special and peculiar interest, and we think it may be fairly held that a sidewalk in front of a building is an appurtenance thereto within the meaning of the lien law." *Kenny v. Apgar*, 93 N. Y. 549.

While less than one tenth of the stone furnished by plaintiff was laid upon the lot itself, such part was intended for, and was in fact used, to make an improvement upon the lot and was therefore lienable. *Henry v. Plitt, supra.*

As has been seen, the stone used in constructing the sidewalk upon the street adjoining the lot, was an improvement of the lot, and, though not placed upon it, was appurtenant to it. The material for the whole improvement then, having been purchased under one entire contract, and having been put upon the lot and the adjoining street, was for an improvement upon the lot within the true spirit and meaning of the statute.

The judgment of the Kansas City court of appeals is reversed and case is remanded to that court with directions to reverse the judgment of the circuit court and to direct that court to enter a judgment for plaintiff according to the prayer of its petition. All concur.