Hillsborough }
Dec. 3, 1929. }

EVELYN ROBERGE *v.* PATRICK CYR & a.

*Boivin & Amyot* and *William W. Forbes* (*Mr. Amyot* orally), for the plaintiff.

*Osgood & Osgood* (*Mr. Anson G. Osgood* orally), for the defendants.

MARBLE, J. 1. "A mortgagee selling under a power contained in a mortgage may be a purchaser at the sale, unless the mortgage contains a provision to the contrary." P. L., c. 215, s. 25. So far as appears, there was no such provision in the defendants' mortgage.

It has been repeatedly held that the purchaser at a foreclosure sale enters into a binding contract which cannot be modified or annulled except under such circumstances as would justify its reformation or rescission within the technical meaning of these terms. 3 Jones, Mortgages (8th *ed.*), 601, and cases cited. Nor is the rule otherwise where the mortgagee is himself the purchaser. Since in exercising the power of sale he acts as a trustee (*Pearson* v. *Gooch*, 69 N. H. 208, 209), if he bids a larger sum than the amount due him under the mortgage, he is required, in the absence of junior encumbrances, to pay the surplus to the mortgagor. *Johnson* v. *Cobleigh*, 152 Mass. 17; *Perkins* v. *Stewart*, 75 Minn. 21; *Kennedy* v. *Brown*, 50 Mich. 336; *Fudim* v. *Kane*, 48 R. I. 155.

The defendants do not question this rule and admit that if the action were at law the plaintiff would be entitled to recover. But apparently the defendants had denied the validity of the Rouillard foreclosure, and for that reason the parties were conveniently joined in a bill in equity. Their essential rights are the same, however, as though separate actions of assumpsit had been brought. See *Bell* v. *Woodward*, 48 N. H. 437, 446; *Wartell* v. *Novograd*, 49 R. I. 191, 194.

The defendants concede that the foreclosure of their mortgage was valid and correct, and there is no suggestion in the master's report that they were induced to make their bid by fraud or that they are the victims of accident, mistake or misfortune. Under such circumstances their claim that they are bound to account merely for the fair value of the real estate cannot be sustained. *Fagan* v. *Association*, 55 Minn. 437, 442; *Shear* v. *Robinson*, 18 Fla. 379, 451.

2. It is the defendants' further contention that the plaintiff is not entitled in any event to more than the amount due on the Rouillard mortgage, since the foreclosure of that mortgage was invalid. The first objection is that the notice of the foreclosure sale was not mailed to Rose Cyr, as required by P. L., c. 215, s. 23, but was addressed to her husband. Rose Cyr signed a receipt for the notice, however, and read it. These circumstances coupled with the fact that she later participated in the proceedings through counsel, who requested an adjournment of the sale, constitute ample evidence of a waiver of the statutory formalities. *Young* v. *Milan*, 73 N. H. 552.

Further objection is made because notice of the adjournment of the sale was given by placing a sign on the building rather than by verbal announcement at the time of adjournment and because a substantial deposit was required of bidders. There is no claim that this manner of conducting the sale was contrary to any provision in the mortgage or that it was in violation of P. L., c. 215, s. 23. Neither is there any accusation of bad faith. The finding of the master that the mortgage was properly foreclosed is therefore fully sustained by the evidence. *Wheeler* v. *Slocinski*, 82 N. H. 211.

*Exception overruled.*

All concurred.