TOLLES-BICKFORD LUMBER CO., INC. v. TILTON SCHOOL & a.

*Maurice A. Broderick, James A. Manning* and *Raymond J. Chabot* (*Mr. Broderick* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for Leon Keyser, Inc. and Robert P. Booth, Receiver.

*Normandin & Normandin* for Tilton School, filed no brief.

KENISON, C. J. The statute (R. L., *c.* 264, *ss.* 19, 20, as amended by Laws 1949, *c.* 184, *s.* 2) provides in substance that the subcontractor shall have a mechanic's lien for ninety days after the materials are furnished providing he makes an attachment of specifically described property for that purpose while the lien continues. Compliance with the statutory provisions have been required not only in giving the requisite notice (R. L., *c.* 264, *s.* 16; *Poirier* v. *Company,* 84 N. H. 461) but in making the attachment to secure the lien. *Mathers* v. *Connelly,* 95 N. H. 107. In the absence of waiver failure to comply with the statutory provisions for perfecting the mechanic's lien is usually fatal. *Couillard* v. *O'Connor,* 97 N. H. 89; *Ferns* v. *Company,* 81 N. H. 283. The great variation in the statutes of other states has made the decisional law of other jurisdictions of limited value in the construction of our own law. *Boulia-Gorrell Lumber Co.* v. *Company,* 84 N. H. 174, 179; 3 Powell, Real Property, *s.* 483 (1952). "The most common, probably the most important, and quite certainly the most complicated of the liens created by statute . . . is the mechanic's lien." IV American Law of Property, *s.* 16.106F (1952).

When the plaintiff submitted its final bill on January 31, 1951, there was included in the total debits and credits and enclosed therewith an invoice entitled "Materials delivered to complete con-

tract." No materials were directly furnished or delivered by the plaintiff after that date and previous to his attachment of May 12, 1951. However the plaintiff claims that the fifty feet of base molding or baseboard, costing $10.50, that was obtained elsewhere and charged to it by deduction from its account in April constitutes a subsequent delivery which is within ninety days of the attachment. Since this material was "short," the Trial Court was justified in treating it as a replacement of material originally furnished under the contract. "The rule seems to be well settled that, where a contract to furnish materials is to be regarded as completed, a subsequent gratuitous furnishing of material in the nature of a substitution or replacement to remedy a defect in the material originally delivered will not operate to extend the time within which to claim a mechanic's lien." Anno. 54 A. L. R. 984.

The material for the ticket booth, costing $50, was never furnished by the plaintiff because the architect did not submit the specifications therefor. The materials were furnished by another and the amount of $50 deducted from plaintiff's bill. The statement in the Court's findings that the booth was later furnished by someone else "under contract with the receiver" is not supported by any evidence in the case and appears to be an inadvertent error. The failure of the architect to furnish the specifications was a valid excuse for non-delivery by the plaintiff "but did not alter the fact that the attachment was not made" within the statutory period of ninety days. *Freeto* v. *Houghton*, 58 N. H. 100, 101. The statutory period of ninety days in our mechanic's lien statute is neither shortened nor extended by insolvency, death or breach of contract. *Russell* v. *Howell*, 74 N. H. 551; *Freeto* v. *Houghton, supra*. The failure to perfect the lien within ninety days results in its expiration in the absence of a waiver which is not present in this case. A receivership frequently entails a long line of creditors and a short list of assets but affords no basis for extending the statutory period for perfecting a mechanic's lien in this case.

*Judgment on the verdict.*

GOODNOW, J., did not sit: LAMPRON, J., was absent: the others concurred.