230

Strafford,
No. 4308.

JOHN H. INESON *v.* JAMES ROSS ASSOCIATES, INC.

Argued October 5, 1954.

Decided October 29, 1954.

Sleeper & Mullavey (*Mr. Mullavey* orally), for the plaintiff.

Upton, Sanders & Upton (*Mr. Richard F. Upton* orally), for the defendant.

KENISON, C. J. The Court excluded a question concerning whether the defendant, as general contractor, made a profit under his contract for the construction of the school. Before excluding the question there was a conference with counsel at the bench where the statements of counsel indicated that this involved investigations of several other subcontracts. While this line of questioning was not to be precluded solely on the ground that it would involve a time-consuming process of some length (VI Wig. Ev. (3rd *ed.*), s. 1865), it could be excluded if it introduced collateral issues. *Wiggin* v. *Peacock*, 95 N. H. 329, 333. Whether the defendant made a profit under the whole contract was dependent upon a variety of factors having no direct relationship to the small subcontract for masonry. This would necessarily involve the examination of all the subcontracts and the reasons for a profit and loss on each and as such was properly excluded. The situation is similar to that in *Mead* v. *Merrill*, 33 N. H. 437, 439. In that case it was said that if similar evidence was admitted, "it would raise the collateral issue, whether Merrill's want of success was not in fact the result of his want of judicious management rather than of the intrinsically unprofitable nature of the business."

After the plaintiff had quit the job the defendant was required to employ direct labor to complete it. The plaintiff sought to introduce evidence of the cost to the defendant of finishing the

masonry subcontract. This evidence was likewise excluded. The cost of completing an unfinished job is not necessarily similar to that of completing the job as an entire contract. In this case the labor had to be imported at a greater distance and under union rules the masonry foreman was not allowed to work at the school site. Since there was no showing by the plaintiff that there was a similarity of conditions it was properly excluded in the discretion of the Court. *Gerry* v. *Neugebauer*, 83 N. H. 23, 26; *Eames* v. *Corporation*, 85 N. H. 379, 382. The evidence was not offered on the question of damage and the Court was of the opinion that it had no value to determine the reasonableness of the subcontract bid at $6,800. An additional ground for the rejection of the evidence was the fact that it was cumulative, since the plaintiff had already introduced evidence of the fair cost of the complete masonry labor. *Marchand* v. *Company*, 95 N. H. 422, 423; VI Wig. Ev. (3rd *ed.*), s. 1908; *Amundsen* v. *Company*, 96 N. H. 85, 87.

The plaintiff claimed damages for false representations in the making of the contract. Alleged changes in the construction after the contract had been signed were not material on the issue of whether there was misrepresentation and fraud at the time the subcontract was signed, and, evidence of such changes were properly excluded as outside the pleaded issues. See McCormick, Damages, ss. 121, 122.

The plaintiff testified in effect that the defendant's agents assured him that he would make a profit of $1,000 on the subcontract. Additional testimony by the plaintiff and his expert as to what they considered a fair profit or a reasonable profit was excluded subject to exception. Subsequently the expert stated that he customarily allowed ten per cent of the bid for overhead and profit. The exclusion of his testimony was therefore harmless error. *Emery* v. *Woodward*, 96 N. H. 61. Since the plaintiff had already testified what profit he was told that he would receive, the exclusion of his further testimony in this matter was proper. *Fissette* v. *Railroad*, 98 N. H. 136, 143, 144.

When the plaintiff submitted his bid for $6,800 a Massachusetts contractor submitted a bid of $7,200 for the same job. That contractor testified that he thought he would have been able to complete the job for $6,800 if he was stationed as near the job site as was the plaintiff. This evidence was admitted solely for the limited purpose of showing that the defendant acted in good faith. The plaintiff claims that this evidence is prejudicial since the plaintiff

was required to furnish materials and therefore it was not a similar bid. Our examination of the record, however, shows that the plaintiff did not furnish materials and that the subcontract did not require that the plaintiff should furnish materials. As the bids were on the same basis the evidence was admissible for the purpose for which it was offered.

The plaintiff excepted to the refusal of the Court to give the following instruction: "In order to recover damages in this suit upon the ground of misrepresentations it may not be necessary for the plaintiff to prove that the defendant purposely and knowingly made misstatements as to the amount of money for which the plaintiff could profitably contract for the job." This request was indefinite and incomplete. *Smith* v. *Bank*, 70 N. H. 187. Insofar as it was calculated to request the Court to charge the jury on misrepresentations made with reckless disregard as to the truth, this was adequately covered by the instructions that were given to the jury. *Saidel* v. *Society*, 84 N. H. 232.

*Judgment on the verdict.*

All concurred.