Coos,
No. 5474.

WILLIAM G. RODD

*v.*

TITUS CONSTRUCTION CO. *& a.*

Submitted May 5, 1966.
Decided June 30, 1966.

*Mack M. Mussman* and *Richard W. Mahan* ( by brief ) for the plaintiff.

*Cofran, Quint & Greenhalge* ( by brief ) for defendants Kenneth E. and Florence L. Garland.

WHEELER, J. This is an action to preserve a mechanic's lien under RSA ch. 447. The declaration in the writ is as follows:

"In a plea of MECHANIC'S LIEN to secure a lien on the land and building thereon, said land being that owned by Kenneth E. and Florence L. Garland in Whitefield, County of Coos, State of New Hampshire and described herein by reference to the deed recorded in the Coos County Registry of Deeds, Book 480, Page 152, and another certain parcel of land with the building thereon situate in Lancaster, County of Coos, State of New Hampshire owned by Kenneth E. Garland and Florence L. Garland, described herein by reference to a deed recorded in the Coos County Registry of Deeds, Book 485, Page 107. Said lien being to secure the plaintiff for labor and materials furnished on the building in said Lancaster within 90 days of date of the writ in the amount of $2,400.00 and on the building situate in Whitefield aforesaid for labor and materials furnished within 90 days of date of writ and balance due in the amount of $514.40 making a total of $2,914.40 "

Defendant Titus Construction Co., Inc. is in bankruptcy and has defaulted this action. A verdict for the plaintiff in the sum of $2,914.40 has been entered against it.

The precept in the writ provides only for a general attachment of the property of defendants Kenneth E. and Florence L. Garland and the sheriff made only a general return of the attachment on the writ. Neither the precept nor the return contain any reference to a mechanic's lien. The plaintiff has filed a motion to amend the sheriff's return.

Defendants Garland filed a motion to dismiss because "(1) neither the writ nor the attached declaration contain a proper command to the Sheriff to make the special attachment required by statute, and (2) return of the real estate attachment made by the Sheriff does not contain a proper special attachment of said real estate required by statute."

The following questions were reserved and transferred without ruling by *Leahy*, C. J. 1. Should the action be dismissed for the reasons set forth in defendants' motion? 2. Should the Sheriff be allowed to amend his return, in view of the precept in the writ?

RSA 447:10 provides: How SECURED. Any such lien may be secured by attachment of the property upon which it exists at any time while the lien continues, *the writ and return thereon distinctly expressing that purpose.* " ( Emphasis supplied ).

In order to secure such a lien under this section this court has

held that the plaintiff must ( 1 ) state in his writ the purpose for which the suit is brought; ( 2 ) describe the property on which he claims a lien with reasonable accuracy, and ( 3 ) direct the officer to attach it to preserve his lien. *Ferns* v. *Company*, 81 N. H. 283; *Mathers* v. *Connelly*, 95 N. H. 107; *Wurm* v. *Reilly*, 102 N. H. 558, 563. Other than to state in the declaration of the writ that the action was "In a plea of Mechanic's Lien" the plaintiff did neither of the other things necessary to preserve its lien. *Bryant* v. *Warren*, 51 N. H. 213, 216.

The facts in the case at bar are clearly distinguishable from those in *Manchester Sav. &c. Ass'n* v. *Letendre*, 103 N. H. 64. There the court found that the writ contained a command to the sheriff to especially attach certain property and the sheriff's return on the writ expressed the purpose of the attachment. Justice and Sheriff, ( Newhall *ed.* 1931 ) 521. Failure to comply with the specific statutory provisions of perfecting a mechanic's lien is usually fatal. *Tolles-Bickford Co.* v. *School*, 98 N. H. 55.

We therefore hold that because of the plaintiff's failure to comply with the requisite statutory provisions no lien was perfected under RSA ch. 447 and the sheriff should not be allowed to amend his return. The action should be dismissed.

*Remanded.*

Lampron, J., dissented on the authority of *Manchester Sav. &c. Ass'n* v. *Letendre*, 103 N. H. 64, and *Pike* v. *Scribner*, 101 N. H. 314, 315; the others concurred.