Rockingham
No. 6230

SOLMICA OF NEW ENGLAND, INC.

v.

MARCEL VERREAULT, d.b.a.
NEW ENGLAND ENGINEERING CO., & a.

January 31, 1975

*Sanders, McDermott & Kearns (Mr. Peter F. Kearns* orally) for the plaintiff.

*Calderwood & Ouellette* and *Stephen J. Dibble (Mr. Dibble* orally) for defendant Nicholas Karabelas.

LAMPRON, J. Action by plaintiff Solmica to recover the value of materials sold to the defendant Marcel Verreault doing business as New England Engineering Co., with a special attachment upon the property of defendant Nicholas Karabelas under RSA 447:10 to secure a lien thereon for the value of these materials. Verreault did not appear and a default was entered against him. A hearing was held before *Morris*, J., to assess damages, and a verdict in the amount of $1,748.68 was returned for Solmica. In the same proceeding Solmica undertook to prove that the white vinyl smooth siding which it sold to New England Engineering, was delivered at the property of defendant Karabelas situated at 805 Central Avenue in Dover and applied to the dwelling thereon, and that there was an unpaid balance due for this siding.

To that end, plaintiff offered as an exhibit a contract between New England Engineering and Karabelas dated March 5, 1969, for the application of white vinyl siding at 805 Central Avenue. Solmica also offered as exhibits its invoices dated March 13, 17, 21 and April 8, 1969, for white vinyl siding billed to New England Engineering with the designation thereon "Ship to Karabelas 805 Central Avenue Dover, New Hampshire". These documents were admitted in evidence in Solmica's action against Verreault but upon objection of Karabelas were not received as evidence against him. At the close of plaintiff's evidence, Karabelas' motion for a nonsuit was granted. Plaintiff filed a motion that the court's order be set aside based in part on the exclusion by the trial court of the contract and invoices and also a motion for judgment and execution against Karabelas. Plaintiff's exceptions to the denial of these motions were reserved and transferred.

Defendant Karabelas maintains that the failure of Solmica to take proper exceptions to the exclusions of the exhibits as evidence against him forecloses consideration of the rulings on appeal. The single issue in the controversy between Solmica and Karabelas was whether the siding plaintiff sold to New England Engineering was delivered to the Karabelas property and applied to the dwelling on it. In such a situation this court has permitted a party to rely on a question of law which is apparent from the face of the record even though the usual rule requiring that an exception be saved to an adverse ruling has not been complied with. *Gove v. Crosby*, 100 N.H. 380, 128 A.2d 205 (1956); *see Barton v. Manchester*, 110 N.H. 494, 272 A.2d 612 (1970).

In order to establish a lien under RSA ch. 447 against the Karabelas property, Solmica was obliged to establish every factor essential to its validity. *Tolles-Bickford Co. v. School,* 98 N.H. 55, 94 A.2d 374 (1953); *Rodd v. Titus Construction Co.,* 107 N.H. 264, 220 A.2d 768 (1966); 53 Am. Jur. 2d *Mechanics' Liens* § 397, at 913 (1970). Delivery at, and application to, the Karabelas property of the white vinyl siding sold to New England Engineering were essential elements of the required proof. The manager of Solmica testified that it sold materials to siding contractors among whom was Marcel Verreault of New England Engineering. He further testified that in the general course of business, designation of the location where the materials were to be delivered was indicated on the invoices of the siding sold. The four invoices for white vinyl siding sold to New England Engineering offered in evidence bore the designation "ship to Karabelas 805 Central Ave. Dover, New Hampshire."

Defendant Karabelas testified that he owned the premises at 805 Central Avenue. He identified his signature on the contract between him and New England Engineering dated March 8, 1969, to cover the above property with vinyl siding which Solmica offered as an exhibit. Karabelas also identified, as the individual who sold him the siding, Parker Constantine, who signed the contract for New England Engineering. He acknowledged further that white vinyl siding was delivered to his premises in the spring of 1969, applied to his house, and is now part of it.

Karabelas claims in his pleadings that there was no money due to the contractor when the plaintiff's writ was served on him. In a proceeding by a materialman who has a lien to the extent of funds due the contractor from the owner, it is not necessary for him to aver in his complaint that the money was due and payable to the contractor by the owner at the time of the filing of plaintiff's claim nor to aver that the owner had not paid the contractor. Payment to the contractor is an issue of fact particularly within the knowledge of the owner and is an affirmative defense to be proved by him. 53 Am. Jur. 2d *Mechanics' Liens* §§ 385, 386 (1970); McCormick *et al.,* Evidence § 337, at 787 (2d ed. 1972). When plaintiff asked the owner Karabelas if he had made any payments to the contractor Verreault, on objection by Karabelas, this evidence was erroneously excluded.

The invoices and the contract offered as exhibits together with

the testimony of the above witnesses tended to show, especially in the absence of evidence to the contrary, that the siding sold to New England Engineering was delivered to the Karabelas property and installed there. *District Heights Apartments v. Noland Co.,* 202 Md. 43, 95 A.2d 90 (1953). We hold that these exhibits were relevant and material to the main issue in controversy, that is, the existence of a mechanic's lien on the Karabelas property. 1 J. Wigmore, Evidence § 29 (3d ed. 1940); 1 E. Morgan, Basic Problems of Evidence ch. 6 (1961); McCormick *et al.,* Evidence § 185, at 435 (2d ed. 1972). None of the usual reasons for which relevant evidence is excluded, unduly prejudicial, time-consuming, or cumulative, is apparent from the record. *Gerry v. Neugebauer,* 83 N.H. 23, 136 A. 751 (1927); *Ineson v. Associates,* 99 N.H. 230, 108 A.2d 556 (1954). We hold that the proferred exhibits should have been admitted in Solmica's action against Karabelas and that their exclusion prejudiced the plaintiff. *McCrillis v. Company,* 85 N.H. 165, 170, 155 A. 410, 413 (1931); *Daley v. Company,* 81 N.H. 502, 506, 128 A. 531, 533 (1925); 53 Am. Jur. 2d *Mechanics' Liens* § 399 (1970).

*New trial.*

All concurred.