Rockingham
No. 7284

JAMES INNIE d.b.a. INNIE CONSTRUCTION CO.

v.

W & R, INC., AND NUTFIELD CONSTRUCTION CO., INC.

May 29, 1976

*Eaton, Eaton, Moody & Solms* and *Richard E. Mills (Mr. Mills* orally) for the plaintiff.

*Perkins, Holland, Donovan & Beckett* and *Arthur C. Randlett (Mr. Randlett* orally) for the defendant Arnold Levitt, successor in title to named defendants.

GRIFFITH, J. This case arises from the denial of a motion to dissolve a real estate attachment brought by Arnold Levitt, d.b.a. Eastern Mortgage Company, successor in title to land owned by defendants W & R, Inc., and Nutfield Construction Co., Inc. All

questions of law raised by defendant's exceptions were reserved and transferred by *Cann*, J.

Plaintiff James Innie on September 15, 1972, brought a writ of attachment to perfect a mechanics' lien over property known as the Ann B. Currier farm in Londonderry, New Hampshire, for labor, materials and equipment furnished by him to defendants W & R and Nutfield in the construction of certain gravel road-ways on the premises. Defendants were found to be in default on November 11, 1974, and judgment was granted for the plaintiffs in the amount of $15,041.27. A writ of execution was issued returnable in June 1975. On August 15, 1974, the subject property was purchased by defendant Arnold Levitt at a mortgage foreclosure sale. The title was conveyed subject to prior liens and enforceable encumbrances of record.

We note initially that the defense of res judicata could probably have been raised to defeat the defendant's claim in its entirety. The default judgment entered against Nutfield and W & R on November 26, 1974, was a final judgment on the merits, conclusive as to the rights of the parties and their privies, and constituted an absolute bar to a subsequent litigation involving the same cause of action. *Colebrook Water Co. v. Commissioner of Dep't of Pub. Works,* 114 N.H. 392, 324 A.2d 713 (1974); *Ainsworth v. Claremont,* 108 N.H. 55, 226 A.2d 867 (1967); Annot., 77 A.L.R.2d 1410, 1423 (1961). As successor in interest, defendant Levitt is in privity with W & R and Nutfield, and took title subject to the judgment. *Hunt v. Haven,* 52 N.H. 162, 170 (1872); Restatement of Judgments § 89 (1942).

Plaintiff has not relied on res judicata except as to the defendant's claim that the plaintiff failed to allege that he was acting pursuant to a contract with the owner of the structure. While we will consider the defense of res judicata as dispositive of this issue, we have however considered the other arguments of the defendant as not governed by res judicata.

The defendant's allegation that the plaintiff failed to establish that the roadways in question were in fact constructed upon the land attached is contradicted by the transcript and in particular by defendant Levitt's admission that the roadways are in fact on the attached land. Defendant's final procedural argument is that the plaintiff's description of the land to be attached was inadequate. He does not dispute that the real estate itself is described with "reasonable accuracy," as required by our decisions. *Wurm v. Reilly,* 102 N.H. 558, 563, 163 A.2d 13, 17 (1960); *Rodd v. Titus*

*Construction Co.*, 107 N.H. 264, 266, 220 A.2d 768, 769 (1966). He argues instead that under *Wurm v. Reilly supra*, a description of the land unaccompanied by a description of the structure on which the plaintiff worked is insufficient, and that the writ's description of the attached property is therefore fatally defective for failure to describe the roadways themselves. This is a misinterpretation of *Wurm v. Reilly*, which in fact sets up no such requirement. Instead, *Wurm v. Reilly* only requires a reasonably accurate description of the property, so that the attached real estate may be identified with reasonable certainty. *Id.* at 563, 163 A.2d at 17; *Hopkins v. Rays*, 68 N.H. 164, 165, 44 A. 102, 103 (1894). Thus tested the Innie writ description is sufficient.

Defendant argues that the grant of a lien in the present case is not within the purview of RSA 447:2, which authorizes liens for the erecting of "a house or other building or appurtenances, or for building any dam, canal, sluiceway, well or bridge." The question for our determination, one of first impression in New Hampshire, is whether the term "appurtenances" in the foregoing list is limited only to adjuncts of "a house or other building," or whether it signifies appurtenances to the land itself. We adopt the latter construction, and hold that roadways are lienable under RSA 447:2.

Our decisions setting forth the requirements for perfecting a lien by a writ of attachment *(See, e.g., Rodd v. Titus Construction Co.,* 107 N.H. 264, 266, 220 A.2d 768, 769 (1966); *Tolles-Bickford Co. v. School,* 98 N.H. 55, 57, 94 A.2d 374, 375 (1953))* do not require us to adopt such a restricted interpretation of labor and materials supplied to a defendant on his land which give rise to a lien as the defendant urges. Defendant's reliance on *Thompson Manufacturing Co. v. Smith*, 67 N.H. 409, 29 A. 405 (1892) is misplaced. *Thompson* dealt with a portable engine, which clearly could not be considered appurtenant ·to land under any interpretation of the statute.

At the time of the original enactment of the lien statute in 1861, the modern land development requiring road construction by the developer was unknown. The purpose of the mechanics' lien law is remedial, to guarantee effective security to those who furnish labor or materials which are used to enhance the value of the property of others. *J.R. Christ Constr. Co. v. Willete Assocs.*, 47 N.J. 473, 477, 221 A.2d 538, 540 (1966); *Ladue Contracting Co. v. Land Development Co.*, 337 S.W.2d 578, 584 (Mo. App. 1960). In statutory construction, it is not improper to take into account changes

in conditions which have occurred in intervening years. *State v. Millette*, 112 N.H. 458, 464, 299 A.2d 150, 154 (1972). By use of the generic term "appurtenances" in RSA 447:2, a legislative intent can be discerned to include all structures, whether of the type which were constructed at the time the statute was written, or modern types of appurtenances such as the present roadways. The roadways are permanent improvements which increase the value of the defendant's buildings and will be reflected in the purchase price he will receive for it. It therefore appears logical that the intent of the legislature embraced roadways within the lien statute. *Ladue Contracting Co. v. Land Development Co.*, 337 S.W.2d 578 (Mo. App. 1960); *The Dugan CutStone Co. v. Gray*, 114 Mo. 497, 21 S.W. 854 (1893); *Application of Bradwood Realty, Inc.*, 43 Misc. 2d 374, 251 N.Y.S.2d 315 (1964); *Kenney v. Apgar*, 93 N.Y. 539 (1883).

*Exception overruled.*

All concurred.