Rockingham
No. 7775

## L. M. SULLIVAN COMPANY, INC.

### v.

## ESSEX BROADWAY SAVINGS BANK

## ESSEX BROADWAY SAVINGS BANK

### v.

## L. M. SULLIVAN COMPANY, INC.

December 2, 1977

*Frederic T. Greenhalge,* of Concord, by brief and orally, for the plaintiff L. M. Sullivan Company, Inc.

*Scammon, Gage & Whitman,* of Exeter (*Mr. Robert G. Whitman* orally), for the defendant Essex Broadway Savings Bank.

PER CURIAM. Petition by plaintiff L. M. Sullivan Company, Inc., to quiet title involving the relative priorities of a mechanic's lien and construction mortgage. Defendant Essex Broadway Savings Bank subsequently filed a petition to redeem from an execution sale. The cases were consolidated for trial and came before a Master (*Mary Susan Galway,* Esq.) who recommended that judgment be granted for plaintiff in the amount of $3,000 and that upon such payment the real estate in question be decreed released from plaintiff's mechanic's lien attachment and that plaintiff's petition to quiet title be denied. The master's recommendation was approved and a decree issued in accordance therewith by *Mullavey,* J. The plaintiff excepted to various findings and rulings by the master. All questions of law raised by the foregoing exceptions were reserved and transferred by *Loughlin,* J.

In May 1973, Viza Home Builders, Inc., was the owner of a certain parcel of land located in Derry, New Hampshire. This land was mortgaged to defendant Essex Broadway Savings Bank by

deed dated May 21, 1973, recorded in Rockingham County Register of Deeds, in order to secure a note of the same date for $123,000. The master found, and there is no dispute between the parties, that this transaction was a construction mortgage loan. Through conveyances not relevant to the issues in this case, the land in question was conveyed on March 11, 1974, to C.R.I. Development Corporation subject to the prior mortgage. Viza Home Builders, Inc., and C.R.I. Development Corporation appear to be controlled by the same individuals.

Although the record is somewhat unclear, it appears that the plaintiff L. M. Sullivan Company (hereinafter "Sullivan") performed labor and furnished materials in the development of the mortgaged premises from September 1973 to April 1974. During this time, Sullivan received $42,683 for its services, payment being made in the form of checks from defendant Essex Broadway Savings Bank payable to Sullivan and C.R.I. Development Corporation (or Viza Home Builders, Inc.) jointly. The only contract between Sullivan and C.R.I. Development Corporation which apparently remains unpaid was a construction contract entered into on or about January 28, 1974, under which Sullivan furnished goods and services to the value of $3,000 for preparation of pavement, preparation of lots, and common excavation. On May 17, 1974, Sullivan placed a mechanic's lien on the property in question to secure payment for the $3,000, and on July 16, 1974, obtained judgment in Merrimack County Superior Court on its lien claim.

Meanwhile, defendant Essex Broadway Savings Bank had advanced to C.R.I. Development Corporation $102,087.92 ($42,683 of which had been paid to plaintiff) under the construction mortgage. C.R.I. Development Corporation defaulted on the mortgage, and defendant caused a notice of mortgagee's sale to issue on August 13, 1974. On August 15, 1974, notice of execution and sale was issued to satisfy Sullivan's judgment on its mechanic's lien. Defendant Essex Broadway Savings Bank foreclosed its mortgage on September 11, 1974, by exercising the statutory power of sale contained in the mortgage. At the foreclosure sale, the defendant bid in $102,000 and purchased the property. On September 18, 1974, seven days after the foreclosure of defendant's mortgage, a sheriff's sale was held to satisfy the judgment on Sullivan's mechanic's lien, and Sullivan purchased the same property by bidding in $3,145.52. There is no dispute that defendant Essex

Broadway Savings Bank was at all times aware of Sullivan's mechanic's lien and sale.

Plaintiff Sullivan's argument revolves around the operation of RSA 447:12-a (Supp. 1975) and the effect of the execution sale on the foreclosure by Essex Broadway Savings Bank. The contention is that Sullivan's mechanic's lien was superior to the defendant's construction mortgage by virtue of RSA 447:12-a (Supp. 1975), and its lien was therefore not foreclosed by the mortgagee's sale. Not having been foreclosed, Sullivan argues that it duly purchased title to the land when it bid in at its sheriff's sale and, since the period of redemption has expired under RSA 529:26, it now owns the property free of any claim by the defendant.

Before considering the effect of the sheriff's sale on the mortgage foreclosure, we will consider the operation of RSA 447:12-a (Supp. 1975). This is a section which has not yet been interpreted by this court. We must consider whether this section applies at all in this case, and if it does apply, how it orders the priorities of the construction mortgage and the mechanic's lien in this case.

The applicable part of RSA 447:12-a (Supp. 1975) reads:

> Such attachment shall have precedence and priority over any construction mortgage. For the purposes of this section a construction mortgage shall mean any mortgage loan made for the purpose of financing the construction, repair or alteration of any structure on the mortgaged premises where the lien secured by such attachment arises from the same construction, repair or alteration work. Provided that such attachment shall not be entitled to precedence as provided in this section to the extent that the mortgagee shall show that the proceeds of the mortgage loan were disbursed either toward payment of invoices from or claims due sub-contractors and suppliers of materials or labor for the work on the mortgaged premises, or upon receipt by the mortgagee from the mortgagor or his agent of an affidavit that the work on the mortgaged premises for which such disbursement is to be made has been completed and that the subcontractors and suppliers of materials or labor have been paid for their share of such work.

Defendant contends that this section is not applicable to the facts of this case, because Sullivan's work consisted of preparation of pavement and lots, and common excavation, whereas the statute uses the term "structure." We note that defendant did not raise this at trial, but since both parties have addressed this issue in their briefs, we will consider it here.

Defendant concedes that the work Sullivan performed on the mortgaged land was an appurtenance under the statute which grants mechanic's liens, RSA 447:2; *Innie v. W & R, Inc.,* 116 N.H. 315, 359 A.2d 616 (1976), but claims that the legislature intended to create a distinction in RSA 447:12-a (Supp. 1975) between structures and appurtenances and give priority only to those mechanic's liens which result from construction, repair, or alteration to structures. We cannot agree with this interpretation for two reasons. First, the history of this new section indicates that the legislature was concerned about laborers receiving payment for their services without any distinction between labor and materials furnished to a structure or to appurtenances to the land itself. N.H.S. Jour. 1019–20 (1971). Second, the general wording of the section that "[s]uch attachment . . ." refers to all liens which can be created under RSA 447:2. The legislature was therefore using the term "structure" generically to include a lien such as the one involved here. There appears to be no reason why the legislature would create a distinction in RSA 447:12-a (Supp. 1975) but not in RSA 447:2. We therefore hold that the lien acquired by Sullivan under RSA 447:2 is included in RSA 447:12-a (Supp. 1975).

There would be no question but that without RSA 447:12-a (Supp. 1975) prior law would have given the construction mortgage of defendant priority over Sullivan's mechanic's lien. *Peaslee v. Evans,* 82 N.H. 313, 133 A. 448 (1926); *Earnshaw v. First Federal Savings and Loan Ass'n,* 109 N.H. 283, 249 A.2d 675 (1969); Upton, *The Real Estate Mortgage For Future Advances Versus The Mechanic's Lien,* 5 N.H.B.J. 70 (1963). Sullivan contends that RSA 447:12-a (Supp. 1975) changed this and its mechanic's lien has priority over the defendant's construction mortgage. Sullivan's argument is that since the defendant did not completely disburse the $123,000 provided for in the mortgage, the mortgage does not have priority. We agree that the legislature intended to change the law on priorities, but the extent of the change is not as complete

as Sullivan contends. As originally introduced, Senate bill 145 (1971) would have given priority without exception to a mechanic's lien over any construction mortgage, as defined by the bill. As enacted, however, RSA 447:12-a (Supp. 1975) contains certain exceptions to this absolute priority, one of which is applicable to this case. The section provides that a mechanic's lien attachment "shall not be entitled to precedence . . . to the extent that . . . ." the construction mortgagee disburses the proceeds of the mortgage toward the claims of suppliers of materials or labor. There is nothing in this wording to support Sullivan's contention that *all* of the construction mortgage proceeds must be disbursed in order to give the mortgage priority as under the former law. On the contrary, the statute specifically uses the words "to the extent." Therefore, prior to the mortgage foreclosure sale, defendant's mortgage had priority over Sullivan's lien to the extent of the $42,683 which it disbursed for the labor and materials supplied to the premises. However, because defendant failed to prove that any other disbursements of its mortgage loan were made to those individuals specified in RSA 447:12-a (Supp. 1975), or that it obtained the affidavits specified in the second exception of RSA 447:12-a (Supp. 1975), the remainder of defendant's mortgage was subordinate to Sullivan's mechanic's lien.

 Such was the state of the relative priorities just before the mortgage was foreclosed. It is the established rule of law that when a mortgage is foreclosed under a power of sale, all junior liens are extinguished and the purchaser takes free of such junior liens. *Dockrey v. Gray,* 172 Cal. App. 2d 388, 341 P.2d 746 (1959); *Irving Lumber Co. v. Alltex Mortgage Co., Inc.,* 468 S.W.2d 341 (Tex. 1971); 4 American Law of Property § 16.211 (1952); 59 C.J.S. *Mortgages* § 592 (1949); 5 H. Tiffany, Real Property § 1551 (3d ed. 1939). Sullivan's reliance on *Innie v. W & R, Inc.,* 116 N.H. 315, 359 A.2d 616 (1976), to show otherwise is misplaced, for the issue in that case was not whether the mechanic's lien survived a mortgage foreclosure, but whether there was a valid mechanic's lien to begin with. When defendant Essex Broadway Savings Bank foreclosed its mortgage, it cut off Sullivan's mechanic's lien because it had priority over the mechanic's lien for $42,683, and by purchasing the property at the foreclosure sale, the defendant obtained title free of the mechanic's lien. Since the mortgage fore-

closure removed the mechanic's lien from the land, Sullivan acquired no interest in the land itself at the execution sale.

 This does not mean, however, that Sullivan was without a remedy. Junior liens which are extinguished by a power of sale foreclosure attach to the surplus proceeds in the hands of the mortgagee in the same priority as before the mortgaged premises were foreclosed. *Manchester Savings and Loan Ass'n v. Emery-Waterhouse,* 102 N.H. 233, 153 A.2d 918 (1959); 4 American Law of Property § 16.210 (1952); 5 H. Tiffany, Real Property § 1553 (3d ed. 1939); *accord, Patroni v. Quick,* 211 A.2d 765 (D.C. Ct. App. 1965); *East Atlanta Bank v. Limbert,* 191 Ga. 486, 12 S.E.2d 865 (1941); *Boeschenstein v. Burde,* 284 S.W. 202 (Mo. Ct. App. 1926); *Habitat, Inc. v. MacKanna,* 523 S.W.2d 787 (Tex. Civ. App. 1975). In this case, Sullivan would be entitled to satisfy its lien from the amount bid at the mortgage foreclosure sale in excess of the $42,683, to which defendant had priority. This is so even though defendant only bid in at the foreclosure sale and cash did not actually change hands. *Roberge v. Cyr,* 84 N.H. 204, 147 A. 901 (1929); *O'Brien v. Slefkin,* 88 R.I. 264, 147 A.2d 183 (1958).

We therefore hold that Sullivan is entitled to a judgment of $3,000.

*Plaintiff's exceptions overruled.*