# Holden *versus* Winslow.

In a *scire facias* on a mechanic's claim, where the defence was that the same was not filed in proper time, there having been a cessation for above one year in the work after part of it was done and before it was completed, and some evidence that the claim was filed in time having been given, it was error in the Court to instruct the jury that, under the facts of the case, the time for entering up the lien had expired when the claim was filed, and that the verdict ought to be for the defendants: It should have been submitted to the jury whether the work *last* done was done under the original agreement, without unreasonable delay, and with the consent of the owners, or whether it was done under *a distinct contract.*

ERROR to the Common Pleas of *Elk county.*

This was a *scire facias* on a mechanic's lien issued in favor of Edmund Holden against E. C. Winslow, with notice to H. Thayer and C. A. Winslow, terre tenants. The material question in the case was whether the claim was filed in proper time. Holden, the plaintiff about the 1st April, 1847, contracted with E. C.

[Holden *v.* Winslow.]

Winslow to erect a saw-mill. The work was commenced in the spring of 1847. The work was continued till May or June, 1848, when the plaintiff left the work. It was alleged on his part, that he left for want of materials necessary to complete the work. He returned several times between May or June, 1848, and November, 1849, but did not then complete the mill, as was alleged on his part because he could not get the smith work done. It was testified that the defendant was to have the smith work done. On the 23d October, 1849, E. C. Winslow sold the mill to Thayer and C. A. Winslow. In November, 1849, the plaintiff returned to the mill, and completed the work on the 1st December, 1849. The claim was filed on 17th December, 1849. A witness testified that the mill was not considered finished when the plaintiff quit in 1848; that the plaintiff was to come back and put in a part of the machinery, a self-setter, and finish the work.

On part of the defendants it was alleged that the claim was, *not* filed in proper time.

Buffington, J., charged the jury, *inter alia,* that there was some evidence that the parties did not consider it entirely finished in the spring of 1848, when the mill went into operation.

It further appears that on the 23d Oct., 1849, E. C. Winslow, the owner for whom the work was done, by deed of that date, conveyed the land and mill to Henry Thayer and Carpenter Winslow, for the consideration of $2600, and that they were in possession at the time this lien was filed. Under the facts as disclosed by the evidence, the Court are of opinion that the time allowed the plaintiff for entering his lien had expired. By the Act of Assembly the claim of the mechanic for his labor, &c., continues for six months from the time the work is done; after which it ceases unless he has filed his claim in the office of the prothonotary within that time. The work having been done in the spring of 1848, the mill delivered up to the owner and continued in operation by him till he sold in October, 1849, the work done after that in November, 1849, could not be so connected with the work done in the year 1847 and spring of 1848 as to continue the lien for the whole of the work, more particularly after the premises had passed into the hands of purchasers for a valuable consideration, before the filing of the lien.

We therefore instruct the jury, that under the facts of the case, the time for entering up the lien had expired, and the verdict ought to be for defendants.

It was, *inter alia,* assigned for error, that the Court withdrew the case from the jury, and in not leaving it to the jury to find whether the lien was filed within six months after the work was completed; and in their instruction, that under the facts of the case the time for entering up the lien had expired, and that the verdict ought to be for the defendant.

[Holden *v.* Winslow.]

*Lucas,* for plaintiff in error.

The opinion of the Court was delivered, Oct. 25, by

COULTER, J.—This judgment is reversed.   The Court took the case from the jury by positive and binding direction, when the issue turned on matter of fact, about which there was evidence on both sides.

Whether the last work done by the mechanic was part and parcel of the original job or not, depended upon evidence, and upon the finding of that fact the lien depended.   It was useless to discourse to us about the different kinds of wheels and machinery in a saw-mill, and the different modes of construction; and whether one kind of a mill might be considered as finished without machinery which is required in another mode of construction.

The question is, whether the topping out done by the mechanic was part of the original agreement, and was the crowning work of his job or not, and whether it was done in due time, without unreasonable delay, by consent of Winslow; or whether it was a distinct contract entered into after his first work was finished.

The Court say, " there is some evidence that the parties did not consider it (the mill) finished in the spring of 1848, when it went into operation.   And there certainly is such evidence on the paper-book."   That evidence the Court ought to have submitted to the jury.   Instead of which, they told the jury their verdict ought to be for the defendant; and that the time for entering the lien had expired, thus determining the disputed facts themselves. It is of no manner of consequence that the mill was started by the owner before the last work was done by the mechanic.

Nothing is more common in the country, and even in towns, than the owner and builder of a new house removing his family into it before it is finished.   And mills are often started before the last finishing work is done.

Judgment reversed; and *venire de novo* awarded.