## COÖS.

HILL v. CALLAHAN, AND THE ANDROSCOGGIN WATER-POWER CO., *Claim'ts.*

Where A purchased stumpage of B on credit, and thus acquired the right to cut and remove logs from B's land, and afterward made a contract with C whereby C was to have the logs and pay B the sum he would be entitled to receive from A, the latter is not to be regarded as an agent, contractor, or sub-contractor of the owner; and a servant employed by A, and working for him at cutting and hauling the logs, is entitled to enforce his statutory lien upon the logs for his labor, without notice to C of his lien.

The lien of a lumberman, laboring under a continuous employment, attaches as security for all the labor performed from the beginning to the end of his work, and continues for a period of sixty days after the last performance of labor under the contract.

In a writ of attachment to secure a lumberman's lien upon logs, if the mandate to the officer contain a sufficient description of the logs, and a direction to attach them as security for the plaintiff's lien for labor thereon, it is not necessary that the declaration should allege that the plaintiff labored upon the logs, nor that it should contain any reference to his lien.

ASSUMPSIT, " for labor performed by the plaintiff for the defendant, at his request." The defendant was defaulted. The question reserved is, whether, as against the claimants, the plaintiff has a lien on certain logs for all or any part of his labor.   Facts found by a referee.

The writ commanded the sheriff to attach the goods or estate of the defendant, " and especially to attach about seven hundred thousand feet of spruce logs and about twenty thousand feet of pine logs now landed on the land of John Head, in Shelburne, in said county of Coös, near and upon the bank of the Androscoggin river, and upon said river, in order to secure and preserve the plaintiff's lien thereon for the labor herein specified." The sheriff returned that he " attached as the property of the defendant the logs within mentioned, in order to secure and preserve the plaintiff's lien thereon for the within indebtedness." The claimants objected that the description of the logs, the lien, and the labor, in the writ, was insufficient; that the declaration and specification should have alleged that the plaintiff labored at cutting, hauling, or drawing the logs, and claimed a lien on them.

The logs attached on the plaintiff's writ are those on which he claims a lien. They were cut during the logging season of 1876-'7, by the defendant's men, of whom the plaintiff was one, on the land of one Kronberg, in Shelburne, and hauled to the Androscoggin river,

where they were attached on the plaintiff's writ, March 17, 1877. By the contract made between the defendant and Kronberg, September 12, 1876, the defendant was to pay Kronberg a certain price per thousand feet, on or before May 1, 1877. After that contract was made, the defendant made a contract with the claimants, by which the claimants were to have the logs, and pay Kronberg the sum he would be entitled to receive from the defendant. The logs were to be delivered to the claimants, when measured, on the bank of the river. The claimant's mark was put upon them in the woods by the defendant's men, by order of the claimant's agent. The claimants contend that upon these facts the defendant was a sub-contractor.

The plaintiff commenced his job October 2, 1876, and, working continuously, finished the last of January or the first of February, 1877. A part of his work was done within sixty days of the attachment, and a part before that time.

The claimants contend that the plaintiff has no lien for any work done more than sixty days before the attachment, and that his work cannot be divided, and consequently he has no lien for any of it. The referee found that the contract under which the plaintiff's work was done was a continuous one.

*Ray, Drew & Jordan*, for the plaintiff.

*Twitchell & Evans*, for the claimants.

Foster, J. The logs became the property of the defendant as fast as they were cut, Kronberg having reserved no lien upon them. The claimants took them by purchase from the defendant, subject to the plaintiff's right to enforce his lien, under the provisions of Gen. St., c. 125, s. 14, whereby it is enacted that "Any person, who labors at cutting, hauling, or drawing wood, bark, logs, or lumber, shall have a lien thereon for his personal services, which lien shall take precedence of all other claims, except liens on account of public taxes, to continue sixty days after the services are performed, and may be secured by attachment."

There was no privity of contract between Kronberg and the claimants, and we are unable to discover any ground upon which the defendant can be regarded as an agent or sub-contractor of the owner. The claimants were not, therefore, entitled to notice of the plaintiff's lien, as provided by Laws of 1871, c. 1, s. 2.

The marking of the logs with the claimants' mark in the woods was an act done under the direction of the claimants' agent. The title did not pass from the defendant until the logs were delivered to the claimants on the bank of the river.

The statutory lien of a lumberman commences with the commencement of his work, continues a limited time after the performance of the labor, and may be secured by attachment. All persons dealing with the owner of the property are bound to take notice of the statu-

tory liability of an incumbrance of this nature, and must regulate their contracts and conduct with reference thereto. *Bryant* v. *Warren*, 51 N. H. 213, 214, 215 ; *Freeto* v. *Houghton*, 58 N. H. 100.

The description of the logs contained in the mandate for their attachment was quite as definite as the nature of the case would seem to permit, and we regard it as sufficient.

The sufficiency of the precept to the officer, and of his attachment, depends not at all upon the form of the declaration in the writ or the specification, which are not intended to convey directions to the officer, but only information for the court and the defendant. *Bryant* v. *Warren*, 51 N. H. 213, 216. The mandate to the officer is sufficient, if any reference therein to the character of the plaintiff's labor were required.

The referee has found that " the contract under which the plaintiff's work was done was a continuous one," by which, we suppose, is meant that it was an entire contract or job for continuous labor. If this is to be regarded as a conclusion of law, it seems fully justified by the facts disclosed. The lien, therefore, attached as security for all the labor performed in cutting or hauling the logs from the beginning of such work, and continued for a period of sixty days after the last labor was performed under such continuous contract. The object of the statute was not to secure a lien for no more than sixty days' work, or for no more labor than was actually expended during the sixty days immediately preceding the attachment, but to apply the lien to all the labor done under the contract, notwithstanding it may have occupied a period much longer than sixty days. *Calef* v. *Brinley*, 58 N. H. 90 ; *Freeto* v. *Houghton*, before cited ; *Miller* v. *Batchelder*, 117 Mass. 179 ; *Stine* v. *Austin*, 9 Mo. 558 ; *Monroe* v. *West*, 12 Iowa 122 ; *Fowler* v. *Bailey*, 14 Wis. 125 ; *Holden* v. *Winslow*, 18 Pa. 160 ; *Bartlett* v. *Kingan*, 19 Pa. 341 ; *Yearsley* v. *Flanigen*, 22 Pa. 489 ; *Derrickson* v. *Edwards*, 29 N. J. L. 468.

The attachment made within sixty days of the plaintiff's last work preserved his lien for all his work, including that done more than sixty days before the attachment.

*Judgment for the plaintiff on the report.*

DOE, C. J., did not sit.