Hillsborough, }
  June, 1896. }

LAWSON *&* *a.* v. KIMBALL *&* *a.*

A sub-contractor who has given due notice that he shall claim a lien under P. S., c. 141, s. 13, is not required to furnish at the end of each period of thirty days an account in writing of the labor and materials for which he has been previously paid by the contractor.

Whether justice requires the allowance of an amendment making the contractor party defendant to an action to enforce a sub-contractor's lien, is a question of fact determinable at the trial term and not open to exception.

ASSUMPSIT, to enforce a lien for $562.45, the balance due the plaintiff for ironwork furnished by him for the building of defendant Clark's block. The writ is dated January 20, 1894. Facts found by the court.

Kimball was Clark's agent and had charge of the construction of the block. Early in 1893, Clark entered into a written contract with Maurice & Dufresne to construct for him a brick block. March 25, 1893, the plaintiff agreed with Maurice & Dufresne to furnish and put in place on the block skylights, wall-caps, and bay windows of galvanized iron for $1,162. September 19, 1893, the plaintiff, who had then partially performed his contract, notified Clark and Kimball in writing that he should claim a sub-contractor's lien. Previous to and on December 6, 1893, Maurice & Dufresne paid the plaintiff $500, which was all that was due him for labor and materials furnished up to that time. After December 14, 1893, the plaintiff furnished the remaining labor and materials necessary to finish his work, and January 12, 1894, completed his contract. The next day he gave to Clark an account in writing of the labor performed and materials furnished within the preceding thirty days amounting to $562.45. It was not questioned that this sum was due to him from Maurice & Dufresne. They failed January 12, 1894, before they had finished the block. Clark finished it at a cost exceeding the contract price. He advanced to them before their failure some thousands of dollars more than was due to them under the contract. He

paid them nothing after he received the account rendered by the plaintiff on January 13, 1894.

The plaintiff brought the action originally against Clark and Kimball only, seeking to charge them personally for his claim. Subject to their exception, he was afterwards permitted to amend by making Maurice & Dufresne parties defendant for the purpose of establishing and enforcing his alleged lien.

*John W. Center* and *Drury & Peaslee,* for the plaintiff.

*Andrews & Andrews* and *Burnham, Brown & Warren,* for the defendants.

CARPENTER, C. J.   A person who performs labor or furnishes materials to the amount of fifteen dollars or more for erecting, altering, or repairing a house or other building or appurtenances, by virtue of a contract with an agent, contractor, or sub-contractor of the owner, has a lien thereon, and on any right of the owner to the lot of land on which the house, building, or appurtenances stand, if he gives notice in writing to the owner or to the person having charge of the property that he shall claim such lien before performing the labor or furnishing the materials for which it is claimed.   The person giving the notice " shall, as often as once in thirty days, furnish to the owner or person having charge of the property on which the lien is claimed an account in writing of the labor performed or materials furnished during the thirty days; and the owner or person in charge shall retain a sufficient sum of money to pay such claim, and shall not be liable to the agent, contractor, or sub-contractor therefor, unless the agent, contractor, or sub-contractor shall first pay it." P. S., *c.* 141, *ss.* 10, 13, 15.

The requirement of an account once in thirty days is designed for the protection of the owner.   If within thirty days after notice of the claimant's intention to assert a lien he receives no account, he is entitled to understand that within that period nothing has been done for which a lien is claimed and to act accordingly. But this does not warrant him to assume that a lien may not be asserted for work done or materials furnished during the succeeding thirty days, or afterward.   The claimant's failure to render an account in thirty days is not a waiver or withdrawal of his notice.   He is not required to furnish an account for which he has been already paid by the contractor.   Such an account would be useless.   The account is a prerequisite to the maintenance of a lien for the work and materials furnished during the preceding thirty days.   If no lien is claimed no account need be rendered.   Whether the owner can take advantage of a failure to render an account by which he is not injured, is a question that need not now be considered.

The principal objection urged against the maintenance of the plaintiff's lien is that his contract with Maurice & Dufresne was entire and cannot be apportioned — in other words, that the sum due to him for labor and materials furnished after a partial performance of the contract cannot be determined. The objection has no foundation in fact. The case finds that on December 6, 1893, the plaintiff was paid by the contractors the sum of $500, which was all that was due him for labor and materials by him furnished before that time. This is a finding that on the completion of his contract he would be entitled to receive $662 more from the contractors. It is conceded that for the part of the contract which the plaintiff performed after December 14, 1893, he is justly entitled to $562.45. This is an apportionment by the act of the parties. What the law would do in the absence of the parties' agreement, it is not necessary to consider.

Whether justice required the amendment making the contractors parties to the suit, was a question of fact for the trial court, to whose decision no exception lies. Whether the plaintiff's writ was properly framed for the purpose of enforcing his lien (*Bryant* v. *Warren*, 51 N. H. 213; *Jacobs* v. *Knapp*, 50 N. H. 71, 79; *Hill* v. *Callahan*, 58 N. H. 497), and if not, whether the defect was or could be cured by the amendment, are questions not submitted and not considered.

*Judgment for the plaintiff.*

WALLACE, J., did not sit: the others concurred.