Hillsborough, }
 June, 1896. }

## WASON *v.* MARTEL.

In an action to enforce a lien, a precept in the writ commanding the officer to attach "one million brick of the goods or estate of A" is not a sufficiently definite description of the property sought to be charged, and cannot be amended to the prejudice of subsequent attaching creditors or others claiming rights therein.

ASSUMPSIT, to enforce a lien on a lot of brick, for wood furnished to burn the same. Facts agreed. The precept in the writ was as follows: "We command you to attach one million brick of the goods or estate of A. Martel of Brentwood in the county of Rockingham for the purpose and in order to secure and perpetuate a lien thereon for the plaintiff for wood furnished to the defendant with which said brick were burned." The attachment was regularly made by leaving an attested copy of the writ with the town clerk of Brentwood, November 5, 1896. The writ was dated October 30, 1895, and was made returnable "on the third Tuesday of January next." The term began on the first Tuesday of January, 1896. In the second week of the term, counsel for the plaintiff asked leave to enter the case in court and also asked leave to amend the writ by making it returnable on the first Tuesday of January instead of the third. The defendant had no brick except in Brentwood. Subsequent attaching lien-creditors and a mortgagee appeared and opposed the motion.

*Sulloway & Topliff*, for the plaintiff.

*Drury & Peaslee* and *Emile H. Tardivel*, for the defendant, subsequent attaching creditors, and the mortgagee.

BLODGETT, J.  Irrespective of other objections which it is un-necessary to consider, it is enough to say that if the plaintiff's requests should be granted it would not avail him.

The attachment precept is fatally defective as against the op-posing creditors.  In order to preserve a lien, it is necessary that the precept should clearly identify or describe the property in-tended to be charged, or at least, as definitely as the nature of the case will reasonably admit.  *Hill* v. *Callahan*, 58 N. H. 497, 499; *Mundy* v. *Munson*, 40 Hun 304, 308; *Drake* v. *Taylor*, 6 Blatchf. 14; *Kennedy* v. *House*, 41 Pa. St. 39,— 80 Am. Dec. 594; *Stevens* v. *Osman*, 1 Mich. 92.  It is hardly necessary to say that a mandate to attach " one million brick of the goods or estate of A. Martel of Brentwood in the county of Rocking-ham " is not such a description.  Nor can such a mandate be amended to the prejudice of subsequent attaching lien-creditors, or other third persons having rights in the property.  P. S., *c.* 222, *s.* 8.

In short, the case presented is one of a suit *in rem* which does not describe the *res,* or, at most, gives only an attempted de-scription which does not describe.  But in addition to this, and in the absence of any evidence to the contrary, it must pre-sumptively  be taken that the officer followed the mandate in his return of the attachment.

*The plaintiff's requests should be denied.*

All concurred.