Coös,
Dec., 1897.

THAYER v. PADELFORD.

An action of assumpsit against a non-resident defendant may be brought in the county of which the plaintiff is an inhabitant, although real estate situate in another county has been attached therein to preserve a mechanic's lien.

ASSUMPSIT, for materials furnished and labor performed in erecting a house in Bethlehem, Grafton county, under a contract with the defendant, who was the owner. Facts agreed.

The writ contained a command to attach the house and the lot of land on which it stands, particularly describing the lot, in order to secure the plaintiff's lien for the debt set forth in the declaration.

The plaintiff resides in this county, and the defendant in Rhode Island. The question whether the action should have been brought in Grafton county was reserved.

*Perrin T. Kellogg*, for the plaintiff.

*Bingham, Mitchell & Batchellor*, for the defendant.

PIKE, J. This action — assumpsit — being transitory, was properly brought in this county, in which one of the parties was an inhabitant, unless the fact that real estate situated in Grafton county was attached therein to preserve a mechanic's lien affects the question of jurisdiction. P. S., c. 216, s. 1. A person who performs labor or furnishes materials to the amount of fifteen dollars or more in erecting a building, by virtue of a contract with the owner, has a lien upon the building and land on which it stands for ninety days after the labor is performed or materials furnished, which takes precedence of prior claims except taxes and may be secured by an attachment of the property — the writ and return distinctly expressing the purpose. P. S., c. 141, ss. 10, 16, 17. The attachment in such a case differs from a common attachment only in the fact that it is made in compliance with a special command contained in the writ and secures, or continues in force, a lien already in existence by virtue of the statute. If the plaintiff recovers judgment, he must resort to a levy to appropriate the property to the payment of the judgment, the same as when a common attachment is made. The question of the validity of the lien is not ordinarily considered in deciding the action. The defendant may have no interest in the question. Unless he has conveyed the property attached, or has otherwise made himself liable to a third person in case a lien upon it exists, it is immaterial to him whether the property is appropriated by virtue of a common attachment or a lien attachment. In either event it will pay the judgment against him to the extent of its value. Persons asserting rights adverse to the lien, as, for example, grantees of the property or attaching creditors, are not parties to the action unless they have been allowed to become such from reasons of economy or convenience. *Hill* v. *Callahan*, 58 N. H. 497; *Company* v. *Smith*, 67 N. H. 409. If there is a controversy between the plaintiff and any such persons, it cannot be determined in a proceeding in which only one of the contestants is a party. *Hodgdon* v. *Darling*, 61 N. H. 582. The regular way for determining the question of the validity of the lien is in an action between the plaintiff and adverse claimants after the plaintiff has levied upon the property. The title to real estate then for the first time comes in question. There appears to be nothing in the character of a lien attachment which affects the question of jurisdiction.

*Case discharged.*

All concurred.

MEMORANDUM.

Chief Justice CARPENTER died on the twenty-first day of May, 1898.

On the thirty-first day of May, 1898, Mr. Justice CLARK was appointed chief justice of the court to fill the vacancy occasioned by the death of Chief Justice CARPENTER.

On the twenty-eighth day of June, 1898, Mr. ROBERT JAMES PEASLEE was appointed an associate justice of the court to fill the vacancy occasioned by the appointment of Mr. Justice CLARK to be chief justice, and took his seat upon the bench, July 29, 1898, at the adjourned law term then held at Concord.