Grafton,
April 1, 1924.

### WILLIAM T. FERNS v. AMERICAN MOORE PEG CO.

To enforce a mechanic's lien under P. S., c. 141, ss. 9, 17, the precept of the writ must describe with reasonable accuracy the property on which the plaintiff claims the lien and also direct the officer to attach the property to preserve the lien.

BILL OF EXCEPTIONS. The plaintiff in this suit is one of the plaintiffs in the action *Goudie* v. *Company, ante,* 88. After the opinion in that case was filed, this case came on for hearing and the court, *Branch,* J., found that the plaintiff's lien on the property was that of an attaching creditor, not that created by P. S., c. 141, s. 9, and he excepted. The facts are stated in the opinion.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Shurtleff & Oakes,* for Goudie.

*Raymond U. Smith,* by brief and orally, for the Buffalo Forge Co.

*Allen Hollis* and *George W. Pike,* for the receiver.

YOUNG, J. The court in construing P. S., c. 141, ss. 9 and 17, holds that one to whom s. 9 gives a lien can preserve it by suit, but to do that he must (1) state in his writ the purpose for which the suit is brought, s. 17; (2) describe the property on which he claims the lien with reasonable accuracy, *Hill* v. *Callahan,* 58 N. H. 497; and (3) direct the officer to attach it to preserve his lien, *Wason* v. *Martel,* 68 N. H. 560. While the plaintiffs stated in their writ that the suit was "brought for the purpose of securing a mechanic's lien," they did neither of the other things the court holds they must do to preserve their lien.

*Exception overruled.*

All concurred.