64

Hillsborough,
No. 4862.

### Manchester Federal Savings & Loan Association

*v.*

### Urbain Letendre *& a.*

Argued October 4, 1960.

Decided October 28, 1960.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Charles J. Dunn* (*Mr. Dunn* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* (*Mr. Nassikas* orally), for the defendant Urbain Letendre.

*Normand R. Pelletier* (by brief and orally), for the defendants Donat Corriveau and Hartford Accident and Indemnity Company.

*Thomas F. O'Brien* furnished no brief.

BLANDIN, J. The fundamental question before us is whether the writ of the defendant Urbain Letendre against the Gilbert Corporation was in proper form so that he obtained a mechanic's lien under RSA ch. 447 against the real estate of the Bouthiettes, on whose property he had done work for the corporation. Section 10 of RSA ch. 447, which controls the issue here, reads as follows: "Any

such lien may be secured by attachment of the property upon which it exists at any time while the lien continues, the writ and return thereon distinctly expressing that purpose." It is in the agreed statement of facts that the sheriff, on January 8, 1957, over two years prior to the deed to the Lavignes and their mortgage to the plaintiff, left an attested copy of a writ and of his return of the special lien attachment thereon at the office of the register of deeds of Hillsborough County as required by RSA 511:3, which reads: "Real estate may be attached on a writ of mesne process by the officer *leaving* an attested copy thereof, and of his return of the *attachment* thereon, at the office . . . of the register of deeds of the county in which the real estate is situate." (Emphasis supplied).

The command to the sheriff to make the lien attachment was stapled to the second page of the specifications and was in fact an extension of this page. It is undisputed that it contained a clear and unequivocal order to the sheriff distinctly expressing a purpose to secure a mechanic's lien as directed by RSA 447:10. The attack on the validity of this proceeding to procure a lien centers on the fact that the command to the sheriff was inserted in the specification and therefore, the opposing parties argue, was not in the writ within the meaning of section 10, *supra*. Neither in section 10 nor elsewhere in the statute do we find any express direction as to the place where the command to attach and the statement of the purpose thereof should be inserted. Admittedly, to comply with the statute, the order to the sheriff must be distinctly expressed. *Wurm* v. *Reilly*, 102 N. H. 558; *Mathers* v. *Connelly*, 95 N. H. 107. Also, it is true that in the case of a statutory lien, the specified requisites must be strictly observed. *Poirier* v. *Company*, 84 N. H. 461.

RSA ch. 509, which contains forms for writs, has nothing specific to cover the present situation. Section 5 provides: "In cases where no form of process is prescribed the process shall be made comparable to the forms prescribed, so far as the nature of the case will admit."

An examination of the instrument involved here shows that as a practical matter it would have been necessary to attach the lien directive to the writ on a separate sheet in any event, since there was insufficient room to insert it in the space at the top of the writ reserved for the name of the principal defendant and the order to attach his goods. It should be noted that the action against the principal defendant, Gilbert Corporation is *in personam*. It is

not against the Bouthiettes *in personam*, but is a proceeding *in rem* against their real estate, and the command to attach it is, as provided by RSA 447:10, in addition to the directive to attach the goods of the principal defendant.

As supporting their view that there was no command in the writ proper to make a special attachment as required by section 10, *supra,* the opposing parties rely upon the statement in the case of *Bryant* v. *Warren,* 51 N. H. 213, 216, that: "The declaration is no part of the writ, but merely an appendage to it, not containing directions for the officer, but information for the court and the opposite party. The officer's power is derived from the precept alone." An examination of this case shows that there was no command to attach anything anywhere in the writ or declaration, or especially to secure a lien, and no return by the sheriff that he had made such an attachment. In the case of *Goudie* v. *Company,* 81 N. H. 88, cited for the same proposition, there was no command anywhere in the instrument to make a special attachment. Other authorities relied upon are likewise distinguishable from the present situation on their facts. The *dicta* in *Bryant* as to the distinction between a writ and declaration was not necessary to the holding in the case, and while in a technical sense we speak of a writ and a declaration, it cannot be said as a practical matter that the two are necessarily separate and distinct except as to content. A writ without a declaration is ineffective to fulfill its ultimate purpose of affording a party an opportunity to gain relief. Superior Court Rule 17, 99 N. H. 609, 610. Obviously a declaration, unless a part of a writ, accomplishes nothing. Each is an integral and complementary portion of a whole, and to cause this whole to serve its intended purpose they must be considered together. In short, we believe the instrument here, including the writ proper, the declaration and the lien command, must be regarded as a whole and that RSA 447:10 so intended. We hold that the procedure employed by the defendant Letendre conforms to the demands of RSA 509:5 so far as the nature of the case admitted and that in a true legal sense a command and a sheriff's return distinctly expressing the purpose to secure a lien, within the meaning of RSA 447:10, appeared upon the writ and accomplished that purpose. The defendant Letendre's exception to the Court's contrary ruling is therefore sustained.

The plaintiff and the defendants Lavigne and Corriveau claim, however, that even though it is held that the writ was properly

made out to secure the lien by attachment, it cannot bind bona fide purchasers without notice, since the special attachment was not indexed until after the transactions under which the plaintiff association and the defendants Lavigne's claim were consummated. There is force in this contention. However, for over two years prior to the conveyance of the property by the Bouthiettes to the Lavignes and their mortgage to the plaintiff, there had been on file in the registry of deeds an attested copy of the writ against the Gilbert Corporation containing the special attachment of the Bouthiettes' real estate. This instrument showed that a lien existed against this real estate. The defendant Letendre had done all that the statute required him to do by causing to be left at the registry of deeds office the writ, including the command to the sheriff and his return. RSA 447:10; RSA 511:3, 4. RSA 511:3, 4, *supra*, in contrast to the provisions dealing with conditional sales and chattel mortgages (RSA 361:10; RSA 360:19; RSA 361:5), does not place the burden on the one seeking to secure a lien to see to it that the writ is properly recorded (*cf. General Motors &c. Corp.* v. *Company*, 84 N. H. 348, 351), but clearly states that if the writ and return are *left* at the register's office, that is sufficient. Since this is so, the parties claimant had constructive notice of the lien encumbrance and they cannot prevail as bona fide purchasers.

As the parties are in agreement that all issues raised by these proceedings should be decided here in order to avoid a multiplicity of actions, we consider finally the question whether the defendant Donat Corriveau, register of deeds, is liable on his bond to the plaintiff association. *Lisbon School District* v. *District*, 96 N. H. 290. By statute, the register is under a duty to record and index all attachments filed in his office. RSA 511:5. "The register of deeds shall receive, file and record . . . all deeds and instruments brought for that purpose . . . ." RSA 478:4. RSA 27:1 provides that each of a certain class of officials, including the defendant Corriveau, must give a bond to the effect that he "shall faithfully perform all the duties of said office, and shall discharge and satisfy all the liabilities for which he is by law officially answerable .... including his liability for the official conduct, neglects and misdoings of his deputies." This bond is for the benefit of "any person who may be injured by the neglect or misconduct of the officers giving [it] or of their deputies." RSA 27:5.

In the present situation, it appears the defendant Letendre

satisfied the statutory requirements for obtaining a mechanic's lien by causing a proper writ, command, and return to be left at the register's office. RSA 447:10. In order for the register to have stamped the time of receiving the writ and return on the reverse side of the writ, as he did here according to his custom, he had to look directly beneath the sheriff's return that he had "especially attached" the real estate in question to secure Letendre's lien. Because of the neglect of the register or his deputies, this instrument was not indexed and as a result the plaintiff association claims to have been injured. It follows that the defendant Hartford Accident and Indemnity Company is liable upon its bond to the plaintiff for such losses as it may suffer. *Chase* v. *Bennett*, 58 N. H. 428.

In summary, the defendant Letendre's mechanic's lien prevails over the rights of the Lavignes, to whom the Bouthiette property was conveyed, and those of the Association as mortgagee. The Superior Court should dissolve the temporary injunction restraining the sheriff from levying on the property, and the plaintiff has a right of action against the defendant company for any losses falling on it because of the failure of the register to properly index the special attachment. The order is

*Exceptions sustained; remanded.*

All concurred.