Merrimack
No. 90-397

GOTHIC METAL LATHING

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, AGENT

February 28, 1992

*Jay M. Niederman*, of Manchester, and *Green & Green*, of Manchester (*Mr. Niederman* and *Leonard S. Green* on the brief, and *Mr. Niederman* orally), for the plaintiff.

*Backus, Meyer & Solomon*, of Manchester (*Jennifer Rood* and *Steven A. Solomon* on the brief, and *Mr. Solomon* orally), for the defendant.

BATCHELDER, J.   This case involves the plaintiff's petition for a mechanic's lien and the defendant's appeal from the Superior Court's (*M. Flynn*, J.) denial of the defendant's motion to strike the attachment. We reverse.

Gothic Metal Lathing (Gothic), the plaintiff, is a New Hampshire corporation engaged in various aspects of building construction. The defendant was originally Penacook Realty Trust, doing business as Oakbridge Condominiums in Concord, and is now the Federal Deposit Insurance Corporation, as liquidating agent for First Service Bank for Savings, which foreclosed its mortgages upon the Oakbridge Condominiums (all hereinafter referred to as the defendant). In April 1988, Gothic contracted with the defendant to install insulated siding on the outside walls of condominium building number four, then under construction, for $35,484. Performance was completed during the early summer of 1988, and the plaintiff submitted an invoice shortly thereafter, which the defendant did not pay.

Gothic commenced this action by filing an *ex parte* petition for approval of a mechanic's lien. The petition was granted, and a writ of attachment was filed with the registry of deeds in August 1988. The writ directed the sheriff to attach "all real estate to be found in your precinct [*sic*]," and defendant's property was accordingly attached. After a brief hearing, the superior court denied the defendant's motion to strike the attachment. On appeal, the defendant makes two claims. First, the defendant asserts that because a description of the property to be attached was not contained in the writ of attachment, the writ did not satisfy the requirements of RSA chapter 447. Second, the defendant claims that under the Condominium Act, RSA 356-B:8, II, in order to perfect a mechanic's lien the units to be attached must be specifically identified, and that this constitutes an additional prerequisite to perfection of a mechanic's lien under RSA chapter 447.

Our cases set forth a three-part test to determine the sufficiency of a writ of attachment for purposes of RSA 447:10. It must state the purpose for which the attachment is brought, describe the property to be attached with reasonable accuracy and specificity, and direct the officer to attach that specific property. *Ferns v. Company*, 81 N.H. 283, 283, 125 A. 434, 434 (1924). Since *Ferns*, we have required strict compliance with the test. *E.g., Rodd v. Titus Construction Co.*, 107 N.H. 264, 266, 220 A.2d 768, 770 (1966); *Wurm v. Reilly*, 102 N.H. 558, 563, 163 A.2d 13, 17 (1960); *Mathers v. Connelly*, 95 N.H. 107, 107–08, 58 A.2d 510, 511 (1948).

In this case the writ of attachment fell far short of the mark because it did not contain any description of the property to be attached, did not state the purpose for which the attachment was brought, and did not direct the officer to attach any specific property. This case is different from *Manchester Federal Savings & Loan As-*

*sociation v. Letendre*, 103 N.H. 64, 164 A.2d 568 (1960), on which the plaintiff relies. There, the required elements were physically too lengthy to fit on the writ, and this court allowed them to run onto a second page. The *Manchester Savings* court specifically distinguished that case from the more common situation, which we have here, where the required elements are not contained in the writ at all. *Id.* at 69, 164 A.2d at 572; *see also Rodd,* 107 N.H. at 266, 220 A.2d at 769. Thus, we hold that the mechanic's lien was not properly perfected.

*Reversed.*

All concurred.