Hillsborough-northern judicial district
No. 96-134

## HOLDEN ENGINEERING & SURVEYING, INC.

v.

## LAW OFFICES OF RAYMOND P. D'AMANTE, P.A. & a.

July 23, 1997

., *McDowell & Mekeel, P.A.*, of Manchester (*Edward C. Dial, Jr.* on the brief and orally), for the plaintiff.

*Dean, Rice & Howard, P.A.*, of Manchester (*Emily Gray Rice* on the brief and orally), for defendant Law Offices of Raymond P. D'Amante, P.A.

*Nelson, Kinder, Mosseau & Gordon, P.C.*, of Manchester (*Robert M. Daniszewski* on the brief and orally), for defendant Kathleen A. McDonald.

JOHNSON, J. The plaintiff, Holden Engineering & Surveying, Inc., appeals an order of the Superior Court (*Barry*, J.) granting the defendants' motion for partial summary judgment and denying the plaintiff's cross-motion for partial summary judgment. Although their motions purported to seek only partial summary judgment, all parties agree that the trial court's order on the motions was entirely dispositive of the plaintiff's case and was therefore a decision on the merits that may be appealed to this court. We affirm.

This is a legal malpractice action arising out of the filing of a writ of attachment to secure a mechanic's lien. The plaintiff alleges, and the trial court accepted for purposes of its order, the following facts. The defendants, Law Offices of Raymond P. D'Amante, P.A. and Kathleen A. McDonald, represented the plaintiff in an action against Thomas Monahan to recover payment for engineering and surveying work performed by the plaintiff on a parcel of land in Hooksett. In the course of this representation, the defendants obtained court approval for an *ex parte* attachment to secure plaintiff's mechanic's lien on Monahan's Hooksett property. On October 17, 1989, the defendants filed a writ of attachment at the Merrimack County Registry of Deeds to perfect the lien.

Following a foreclosure sale of the Hooksett property by Monahan's mortgagee, the plaintiff brought this malpractice suit against its former attorneys, alleging that the return of service in the writ of attachment was defective because it failed to state that the attachment was filed to perfect a mechanic's lien. Each party moved for partial summary judgment on the issue of whether the attachment met the requirements set forth in RSA 447:10 (1991) for securing a mechanic's lien. The trial court ruled that the return of

service complied with RSA 447:10. The sole issue before us is whether that ruling was erroneous.

RSA 447:10 prescribes the method for securing any of the statutory liens that arise automatically under the provisions of RSA 447:1-:5 and :7 (1991). *See Thayer v. Padelford*, 69 N.H. 301, 302, 41 A. 447, 447 (1897). It provides that "[a]ny such lien may be secured by attachment of the property upon which it exists at any time while the lien continues, the writ and return thereon distinctly expressing that purpose." RSA 447:10.

The writ in this case commanded the sheriff to attach Monahan's goods or estate, to the value of $280,000,

> [s]pecifically limited to real estate of the Defendant on Route 101-B in Hooksett, Merrimack County, State of New Hampshire and conveyed by deeds recorded in the Merrimack County Registry of Deeds at Book 1604, Page 753; Book 1604, Page 752; and Book 1604, Page 749 to secure a mechanic's lien.

For the return of service, defendant McDonald used the return of service form preprinted on the back of the writ, filling in the date, county, Monahan's name, and time of filing with the register of deeds. As completed, the return stated in relevant part:

> I attached all the lands and tenements in the County of Merrimack of the within named defendant Thomas F. Monahan to the extent ordered on the reverse side of this writ, by leaving at the office of the Register of Deeds of said County a true copy of this writ and of this, my return, endorsed thereon at 2:44 p.m.

The plaintiff contends that the attachment was defective because the standard return of service form was not modified to state specifically that the attachment was made to secure a mechanic's lien. Thus, the plaintiff would have us interpret the phrase "the writ and return thereon distinctly expressing that purpose," RSA 447:10, as requiring the purpose to be explicitly stated twice, once in the writ and again in the return of service. We decline to do so.

We rejected a similarly formalistic reading of RSA 447:10 in *Manchester Federal Savings & Loan Association v. Letendre*, 103 N.H. 64, 69, 164 A.2d 568, 572 (1960). There we held that a writ was sufficient even though the command to the sheriff to make the attachment appeared in the specification rather than the precept. *Id.* We stated:

> [W]hile in a technical sense we speak of a writ and a

declaration, it cannot be said as a practical matter that the two are necessarily separate and distinct except as to content . . . . Each is an integral and complementary portion of a whole, and to cause this whole to serve its intended purpose they must be considered together. In short, we believe the instrument here, including the writ proper, the declaration and the lien command, must be regarded as a whole and that RSA 447:10 so intended.

*Id.*

■ Similarly, we hold that the phrase "writ and return" contained in RSA 447:10 refers to the instrument as an integrated whole, and that so long as the writ and return taken together distinctly express that the attachment is made to secure a mechanic's lien, the purpose of the attachment is sufficiently stated. The writ in this case meets this requirement. The return states that the property was attached "to the extent ordered on the reverse side of this writ." The writ itself explicitly ordered the sheriff to attach the property "to secure a mechanic's lien." Taken together, these statements satisfy the statutory requirement that "the writ and return thereon distinctly express[] th[e] purpose" of the attachment. RSA 447:10. Accordingly, we affirm the superior court's order.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.