Rockingham
No. 2009-698

ALEX BUILDERS & SONS, INC.

v.

MICHAEL DANLEY & a.

Argued: March 24, 2010
Opinion Issued: October 19, 2010

*Hoefle, Phoenix, Gormley & Roberts, P.A.*, of Portsmouth (*Lawrence B. Gormley* on the brief and orally), for the plaintiff.

*Coughlin, Rainboth, Murphy & Lown, P.A.*, of Portsmouth (*Kenneth D. Murphy* on the brief and orally), for the defendants.

HICKS, J. The plaintiff, Alex Builders & Sons, Inc., appeals an order of the Superior Court (*Lewis*, J.) discharging its mechanic's lien against property of the defendants, Michael and Ann Marie Danley. We reverse and remand.

The record supports the following facts. On March 26, 2009, the plaintiff sued the defendants under theories of breach of contract, quantum meruit and unjust enrichment, alleging that it had supplied materials and performed services in constructing a home at 26 Odiorne Point, Portsmouth. The writ further alleged that despite their promise to pay for those materials and services, the plaintiffs had failed to pay an outstanding balance of $45,391.75. Also on March 26, 2009, the plaintiff petitioned the superior court for an *ex parte* attachment, "in accordance with RSA 447 and 511-A:8," on property of the defendants described as: "Any and all Real estate located at, but not limited, to 26 Odiorne Point Road, Portsmouth NH 03801, aka Tucker's Cove, Tax Map 224, Lot 10-002." The pleading was entitled: "PETITION FOR EX PARTE MECHANICS LIEN." (Bolding and underlining omitted.)

The plaintiff's attorney also completed a writ of attachment and trustee process, sometimes referred to as the "blue form," which commanded the sheriff to attach the goods or estate of the defendants up to the value of

$50,000. The return of service on the writ of attachment indicates that the person making the attachment had attached the defendants' lands and tenements in Rockingham County "to the exten[t] ordered on the reverse side of this writ" by leaving a copy of the writ and return at the registry of deeds.

The defendants objected to the *ex parte* attachment, arguing, in part, that the writ of attachment was defective because it failed to specify its purpose to perfect a mechanic's lien and failed to accurately describe the property to be attached. The plaintiff moved to supplement the record, alleging that its "writ, totaling the five pages on record at the Registry of Deeds, includes the Petition, which repeatedly, in the heading, in Paragraph 'B' and on the second page of the Petition, asserts the appropriate notice language."

After hearing and review of the writ of attachment "and other pertinent papers," the court ruled that the writ was defective and that the mechanic's lien had not been properly perfected. By interlocutory appeal pursuant to Supreme Court Rule 8, the trial court transferred the following questions of law:

I. Did the trial court err in ordering dissolution of the mechanic's lien as a result of its finding of a defective writ and noncompliance with the statutory requirement?

II. Did the trial court err in failing to distinguish the authority cited by [the plaintiff] in *Manchester Federal Sav. and Loan Ass'n v. Letendre*, 103 N.H. 64 (1960), from *Gothic Metal Lathing v. FDIC*, 135 N.H. 262 [(1992)]?

III. Did the trial court err in finding that the so-called "blue form" is the sole appropriate location on the writ for the required recitations to perfect a mechanic's lien, contrary to the holdings in *Manchester Federal Sav. and Loan Ass'n* and *Holden Engineering & Surveying, Inc. v. Law Offices of Raymond P. D'Amante, P.A.*, 142 N.H. 213 (1997) that the filing is to be considered as an integrated [w]hole[?]

Answering these questions requires us to interpret the statutory requirements for securing a mechanic's lien, *see* RSA 447:10 (2002), which presents a question of law that we review *de novo. See Zorn v. Demetri*, 158 N.H. 437, 438 (2009).

Under RSA 447:2, a person who performs labor or furnishes material, "to the amount of $15 or more," for building or repairing a house, has "a lien on

any material so furnished and on said structure, and on any right of the owner to the lot of land on which it stands." RSA 447:2 (2002). The lien continues for 120 days after the services are provided or the materials are furnished, RSA 447:9 (2002), and may be secured in accordance with RSA 447:10, which provides: "Any such lien may be secured by attachment of the property upon which it exists at any time while the lien continues, the writ and return thereon distinctly expressing that purpose." RSA 447:10.

█ The issue before us is the sufficiency of the writ.

> Our cases set forth a three-part test to determine the sufficiency of a writ of attachment for purposes of RSA 447:10. It must state the purpose for which the attachment is brought, describe the property to be attached with reasonable accuracy and specificity, and direct the officer to attach that specific property.

*Gothic Metal Lathing,* 135 N.H. at 263. We have long required strict compliance with the test. *Id.* Insistence upon strict compliance is warranted because "[t]he remedy of attachment is in derogation of the common law," *Maine Nat'l Bank v. Baker,* 116 N.H. 185, 186 (1976) (discussing RSA chapter 511-A, and, in particular, RSA 511-A:8), and the statute affords an enhanced right of recovery in the form of priority over certain other liens, *see* RSA 447:12-a (2002) (priority over construction mortgages). Accordingly, "[f]ailure to comply with the specific statutory provisions of perfecting a mechanics lien is usually fatal." *Rodd v. Titus Construction Co.,* 107 N.H. 264, 266 (1966); *cf. Gen. Insulation Co. v. Eckman Constr.,* 159 N.H. 601, 608 (2010) (noting that failure to comply with RSA chapter 447's performance bond provisions is usually fatal).

The plaintiff argues that the trial court erred in failing to read the writ of attachment and petition for *ex parte* mechanic's lien together. It contends that *Manchester Savings &c. Ass'n v. Letendre,* 103 N.H. 64 (1960), and *Holden Engineering and Surveying v. Law Offices of Raymond P. D'Amante,* 142 N.H. 213 (1997), support the position that "the documents that make up a Writ of Attachment, the Writ itself and the accompanying declaration or other supporting documents, should be read together to determine whether the purpose of the Writ is to perfect a mechanic's lien." The defendants, on the other hand, assert that the "statute and case law make clear that it is the Writ of Attachment itself that must be reviewed to determine compliance." In addition, they claim that "[t]he words the 'writ and return' clearly refer to the blue Writ form *not* the pleading filed with the Court to obtain authority to record the attachment."

█ Our cases have not construed the statute as strictly as the defendants suggest. Although we demand strict compliance with the statute's require-

ments, "strict compliance with a statute does not equate to strict construction of its terms." *Impact Food Sales v. Evans*, 160 N.H. 386, 399 (2010) (Hicks, J., dissenting). This is especially true where "[t]he purpose of the mechanics' lien law is remedial, to guarantee effective security to those who furnish labor or materials which are used to enhance the value of the property of others." *Innie v. W & R, Inc.*, 116 N.H. 315, 317 (1976). The general rule is to construe remedial statutes liberally in favor of the person the statute is intended to benefit. *See, e.g., Stankiewicz v. City of Manchester*, 156 N.H. 587, 594 (2007).

In *Manchester Savings*, the sufficiency of the writ of attachment was challenged on the ground that the command to the sheriff was not in the writ, as required by RSA 447:10, because it appeared on a separate sheet of paper stapled to the second page of the specifications. *Manchester Sav.*, 103 N.H. at 68. In rejecting that challenge, we noted that the statute contains no "express direction as to the place where the command to attach and the statement of the purpose thereof should be inserted." *Id.* In addition, we noted that the entire command to the sheriff in that case was too long to fit in the usual space reserved for it in the writ. *Id.* We found the writ sufficient, concluding:

> [W]hile in a technical sense we speak of a writ and a declaration, it cannot be said as a practical matter that the two are necessarily separate and distinct except as to content. . . . Each is an integral and complementary portion of a whole, and to cause this whole to serve its intended purpose they must be considered together. In short, we believe the instrument here, including the writ proper, the declaration and the lien command, must be regarded as a whole and that RSA 447:10 so intended.

*Id.* at 69.

Similarly, in *Holden Engineering*, we rejected an overly technical reading of RSA 447:10 that would have required the purpose to secure a mechanic's lien to be "explicitly stated twice, once in the writ and again in the return of service." *Holden Eng'g*, 142 N.H. at 215. We held that "the phrase 'writ and return' contained in RSA 447:10 refers to the instrument as an integrated whole, and that so long as the writ and return taken together distinctly express that the attachment is made to secure a mechanic's lien, the purpose of the attachment is sufficiently stated." *Id.* at 216.

We conclude that on the facts of this case, the "instrument," *Manchester Sav.*, 103 N.H. at 69; *Holden Eng'g*, 142 N.H. at 216, to be assessed for compliance with the statute consists of the writ of attachment

and the petition for *ex parte* mechanic's lien, which was recorded with the writ and intended to be taken together with it, as an integrated whole, for the purpose of securing the lien.

We now address whether the writ and petition in this case meet the three-part test for compliance. *See Gothic Metal Lathing*, 135 N.H. at 263. The plaintiff asserts that they do because the petition states the purpose to perfect a mechanic's lien and identifies the real property to be attached, and the writ of attachment directs the sheriff to attach that property.

■ The petition states that it is a "PETITION FOR EX PARTE MECHANICS LIEN" (bolding and underlining omitted) and references RSA chapter 447. It also specifically states that "[t]his attachment is to secure a Mechanics Lien pursuant to RSA 447:10, against the specific real properties specified above." This language plainly expresses that the attachment's purpose is to secure a mechanic's lien.

■ The petition also sought permission to attach "[a]ny and all Real estate located at, but not limited, to 26 Odiorne Point Road, Portsmouth NH 03801, aka Tucker's Cove, Tax Map 224, Lot 10-002." The defendant contends that the petition failed to sufficiently describe the property because it "did not specify the actual property subject to the lien but instead made reference to *all* property of the Defendants" and "[i]n addition, . . . did not reference a Book and Page, but instead a City Tax Map." We reject the latter argument because we have never required the property description to contain a book and page reference; rather, our cases require only "a reasonably accurate description of the property, so that the attached real estate may be identified with reasonable certainty." *Innie*, 116 N.H. at 317; *see Gothic Metal Lathing*, 135 N.H. at 263 (requiring property to be described "with reasonable accuracy and specificity"). The description at issue here, which identifies the property by street address and tax map designation, is sufficient under our test.

The more difficult question is whether the description fails because it includes property in addition to 26 Odiorne Point Road. Because this issue of overinclusion is also implicated under the third prong of the test, we address that prong here as well. Specifically, the writ of attachment commands the sheriff to "attach the goods or estate" of the defendants to be found in his precinct, and the sheriff's return indicates that the person making the attachment attached "all the lands and tenements" of the defendants in Rockingham County. We must determine, therefore, whether this overbreadth in the command to attach is fatal.

■ As previously noted, RSA 447:2, in relevant part, creates a statutory lien upon the house that was built or repaired with labor performed or

materials furnished by the attaching laborer or supplier, and upon the owner's right in the land on which that house stands. RSA 447:2. Thus, the lien arising under RSA 447:2 is limited to the property on which the labor was performed or materials furnished. RSA 447:10, in turn, provides for securing the lien created under RSA 447:2 by attaching the property on which that lien exists, which, again, is the property on which the work was performed. RSA 447:10. We have stated that in order to secure a mechanic's lien under RSA 447:10, the plaintiff's writ must "describe the property on which he claims a lien with reasonable accuracy" and must "direct the officer to attach it to preserve his lien." *Rodd*, 107 N.H. at 266. To satisfy these requirements, we require the writ to describe the property on which the labor was performed or the materials furnished. RSA 447:2, :10.

We conclude that the writ of attachment and the petition for *ex parte* mechanic's lien, taken together, meet these requirements. Although the property description and command to the sheriff include more property than that upon which the lien created under RSA 447:2 exists, the instrument as a whole delineates the extent of the plaintiff's mechanic's lien by identifying the property on which the plaintiff performed work. Specifically, the petition for *ex parte* mechanic's lien states that the plaintiff

> certifie[d] the following facts to establish probable cause for the right to recover, and the amount thereof:
>
> Defendants, Michael and Ann Marie Danley ("Danley") entered into a contract with Plaintiff by which Plaintiff agreed to provide materials and services for construction of a new home on the Defendants' property, located at 26 Odiorne Point Road aka Tucker's Cove, Portsmouth, NH. Plaintiff performed the services and as contracted, based upon the Defendants' promise to pay for the same. Despite repeated requests by the Plaintiff, Defendants have failed and refused to remit payment for said services in the amount of $45,391.75.

The petition also states:

> Within the last 120 days Plaintiff has provided Defendants, with goods and services utilized in the construction of a new home on the property sought to be attached. . . .
>
> This attachment is to secure a Mechanics Lien pursuant to RSA 447:10, against the specific real properties specified above.

Thus, although the description and command are overbroad, the petition makes clear that the property at 26 Odiorne Point Road is the only property on which the plaintiff may validly claim a mechanic's lien under RSA 447:2.

▮▮▮▮ Furthermore, several jurisdictions hold that the overinclusion of property in a claimed mechanic's lien does not invalidate the lien on the property properly subject to it.

> [I]t has often been held or stated that the inclusion of more land than that to which the lien may properly attach does not vitiate the lien upon so much of the land as is encompassed within the description and to which a lien may properly attach, at least if the description is not fraudulent or grossly misleading and innocent third parties are not affected.

Annotation, *Sufficiency of Notice, Claim, or Statement of Mechanic's Lien with Respect to Description or Location of Real Property*, 52 A.L.R.2D 12, 83 (1957). We adopt this rule and conclude that the plaintiff's overinclusion of property to be attached does not void its mechanic's lien on the property validly subject to it, *i.e.*, 26 Odiorne Point Road. The statutory requirements as to that property were met. *See Adams Tree Serv., Inc. v. Transamerica Title Ins. Co.*, 511 P.2d 658, 663 (Ariz. Ct. App. 1973) (noting that "[a]lthough appellant did include too much land in its description of the liened property, it cannot be said that inclusion of such excess constitutes a description that is not 'sufficient for identification.'"). Any attempted assertion of a mechanic's lien over property not subject thereto under RSA 447:2 is simply ineffectual and void.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.